FIRST NATIONAL BANK OF STEVENS POINT, Respondent, vs. ROSENFELD and others, Appellants.

*April 10 — May 15, 1886.*

ATTACHMENT: VOLUNTARY ASSIGNMENT. *(1) Fraudulently incurring obligation: Renewal note.* `(2) Attempted assignment not evidence of fraud.*

1. A debtor who gives a renewal note, extending the time of payment, incurs thereby an *obligation* within the meaning of subd. 4, sec. 2731, R. S.; and if the payee was induced to accept such note by false and fraudulent representations, the property of the debtor is liable to attachment in an action thereon. *Wachter v. Famachon,* 62 Wis. 117.

2. The making of an assignment for the benefit of creditors, which is void by reason of noncompliance with the statute, is not, of itself, evidence tending to prove that the debtor has assigned, conveyed, or disposed of his property with intent to defraud his creditors.

APPEAL from the Circuit Court for *Portage* County.

Action upon a promissory note, dated April 3, 1885, which was given in renewal of an indebtedness maturing at that date. The plaintiff caused an attachment to be issued, which was levied upon the property of the defendants on June 25, 1885. The defendants traversed the affidavit for the attachment, and the issues were tried by the court.

First National Bank of Stevens Point vs. Rosenfeld and others.

On June 22, 1885, the defendant *Rosenfeld* had attempted to make an assignment of the partnership property of the defendants, for the benefit of their creditors, to one Darling, and the property was in the possession of such assignee when taken by the sheriff under the attachment herein. The facts in relation to such assignment are stated in *Coleman v. Darling*, *ante*, p. 155.

The court found among other things that the assignment dated June 22, 1885, was not consented to or acquiesced in by the defendant *Haverland* until after the attachment herein had been levied. Other facts and findings are stated in the opinion. The defendants appealed from a judgment sustaining the attachment.

For the appellants there were briefs by *G. W. Cate* and *L. A. Pradt*, and oral argument by *Mr. Cate*. To the point that, in the absence of evidence showing a fraudulent design, the fact that the assignment was illegal by reason of defective execution could not sustain the attachment, they cited Waples on Attachm. 54; *Milliken v. Dart*, 26 Hun, 26; Burrill on Assignm. 490.

For the respondent there was a brief by *Raymond & Haseltine*, and oral argument by *Mr. Haseltine*.

TAYLOR, J. In this action the plaintiff, caused an attachment to be issued against the property of the defendants. The affidavit upon which the attachment was issued, charged that plaintiff had good reason to believe and did believe that the defendants had assigned, conveyed, disposed of, or concealed, or were about to assign, dispose of, or conceal, their property, or some part thereof, with intent to defraud their creditors, and that the said defendants fraudulently contracted the debt and fraudulently incurred the obligation respecting which this action was brought. The defendants traversed the allegations in the affidavit, and the issues upon such traverse were tried by the court as required by the statute.

Upon the trial of such issues the court found, among other things, the following findings of fact: "That at said time the said plaintiff had good reason to believe and did believe that said defendants were about to and had assigned, conveyed, disposed of, and concealed their property and effects with intent to defraud their creditors; that said defendants had assigned, conveyed, and disposed of their property and effects with intent to defraud their creditors; that at the time of contracting the indebtedness upon which this action is brought the said defendants stated and represented to the said plaintiff that they, the said defendants, were then worth the sum of $20,000 over and above all their debts and liabilities; that at the said time, and at different times prior thereto, the said defendants stated and represented to the said plaintiff that their assets were of the value of $41,000, and that they did not owe any one else besides the said plaintiff (which was about $3,000) and Coleman, Jackson & Co. (which latter was about $700), and that the value of the saw-logs then owned by them was about equal or more than the value of the saw-logs owned by them the previous spring; that the plaintiff in fact knew the value of the logs owned by the defendants the spring previously; that in truth and in fact each and every of the said statements, so made by the said defendants to the said plaintiff, was false and untrue, and was well known to the defendants to be so false and untrue at the time the same were so made as aforesaid; that the said plaintiff did not know the said statements were not true, and had no means of knowledge of the falsity thereof, and, in loaning the said defendants the money to recover which this action is brought, relied in good faith upon the supposed truth thereof."

The court also made the following conclusions of law: "(1) That the said defendants, at the time of making the affidavit for an attachment herein, had assigned, conveyed, and disposed of their property and effects with intent to

defraud their creditors; (2) that the said assignment, so made as above found, was and is fraudulent as to creditors and void; (3) that said defendants fraudulently contracted the debt and fraudulently incurred the obligation respecting which this action is brought; (4) that the attachment herein was rightfully and lawfully issued in said action, and should be and hereby is sustained."

The defendants duly excepted to the findings of fact and conclusions of law, which exceptions were overruled by the court, and from the judgment entered upon such findings they appeal to this court.

The learned counsel for the appellants allege as error: (1) That it was error in the court to find upon the evidence that the defendants fraudulently contracted the debt and incurred the obligation sued on; and (2) that the court erred in finding as a fact " that the defendants had assigned, conveyed, and disposed of their property and effects with intent to defraud their creditors."

Upon the argument in this case it was not seriously contended by the learned counsel for the appellants that the evidence given upon the trial did not sustain the charge that the defendants fraudulently contracted the debt and fraudulently incurred the obligation respecting which the action was brought, if the giving of the renewal note in April, 1885, for a debt previously contracted, can be considered the contracting of a debt or incurring an obligation within the meaning of the attachment law. This point was fully considered by this court in the case of *Wachter v. Famachon*, 62 Wis. 117, and after a full argument it was held by this court " that a debtor who, by fraudulently representing himself to be solvent, obtains a surrender of his overdue notes, and induces his creditors to accept new notes for the same amounts, payable at a future day, fraudulently incurs an obligation within the meaning of subd. 4, sec. 2731, R. S., and renders his property subject to attachment

in an action on such notes." The reasons for so holding are set forth at large in the opinion in that case, and need not be restated here.

Upon this finding of the court, fully sustained by the evidence, the judgment of the court sustaining the validity of the attachment must be affirmed, and it would be wholly immaterial, so far as the validity of the judgment of the court sustaining the attachment is concerned, whether the other finding of the court, "that the defendants had assigned, conveyed, and disposed of their property and effects with intent to defraud their creditors," is or is not sustained by the evidence. But, as this last finding might prejudice the assignee of the defendants in an action by him against the plaintiffs or the sheriff for the seizure of the goods in his hands by virtue of such attachment, we deem it our duty to express our opinion upon that finding of the court also.

So far as we are able to discover from the record in this case, the only evidence in the case which has any tendency to show a fraudulent transfer of their property by the appellants, at the time this action was commenced, is the evidence that they attempted to make a voluntary assignment of all their property, under the statute, for the benefit of all their creditors. In the case of *Batten v. Smith*, 62 Wis. 92, 99, this court said: "An assignment to secure an equal distribution among all their creditors was certainly equitable and beneficent in its purposes, and its element of equality would seem to preclude all possibility of its being made with intent to defraud any of such creditors." An attempt to make such an equitable distribution of a debtor's property among his creditors, though it may fail to accomplish such purpose through the ignorance or inadvertence of those preparing the papers for its accomplishment, cannot be in itself any evidence tending to prove that the debtor has assigned, conveyed, or disposed of his property and effects

with intent to defraud his creditors. If the assignment is void in law as not complying with the directions of the statute, as to the creditors the goods are not transferred and remain subject to execution or attachment.

We see nothing in the evidence in this case which would justify a court in holding that the defendants did not intend to make a valid assignment of all their property, in the manner prescribed by law, for the benefit of all their creditors; and if they failed in that purpose (a question we do not determine in this case) for any reason, such failure does not convert such lawful intent into an intent to transfer, or into an actual transfer of, their property for the purpose of defrauding their creditors.

*By the Court.*— The judgment of the circuit court is affirmed solely on the ground that the evidence sustains the finding of the circuit court that the defendants fraudulently incurred the obligation respecting which this action is brought, and the case is remanded for further proceedings.

See note to this case in 28 N. W. Rep. 372.— REP.