ADOLFO CASOLA, Respondent, *v.* FRANCISCO VASQUEZ, Appellant, Impleaded with JULIUS A. KUGELMANN.

1. ATTACHMENT. To authorize an attachment under the Code of Civil Procedure (§ 636, sub. 2) there must be actual or intended fraud.

2. INTENT TO DEFRAUD. The payment of an honest debt, by a limited partnership, while insolvent, in violation of the statute of another state under which it was organized, making such a transfer void as to creditors, does not show that the debtor has "assigned, disposed of, or secreted his property" with intent to defraud his creditors, and an attachment based upon such transfer should be vacated.

*Casola* v. *Vasquez* (85 Hun, 314), reversed.

(Argued October 7, 1895; decided October 15, 1895.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made April 1, 1895, which affirmed an order of the Special Term entered December 3, 1894, denying defendant's motion to vacate a warrant of attachment.

The facts, so far as material, are stated in the opinion.

*William H. Blymyer* and *Jones & Govin* for appellant. There was no fraudulent transfer of the property of Kugelmann & Co. within the meaning of the Code of Civil Procedure, and the attachment should be vacated. (Code Civ. Pro. § 636.) Vasquez, the pretended special partner, is simply to be regarded as a general partner, and as such has incurred no special liability by assenting to the act of the managing partner in preferring the creditor, F. Vasquez & Sons, as a partnership can prefer a creditor by paying a debt even when that partnership is insolvent. (*Smith* v. *Wise*, 132 N. Y. 172; *R. W. Co.* v. *Fielding*, 101 N. Y. 508; *Seymour* v. *Wilson*, 19 N. Y. 417, 421; *Murphy* v. *Briggs*, 89 N. Y. 446; 8 Am. & Eng. Ency. of Law, 768.)

*Louis Marshall* and *Charles W. Bennett* for respondent. There was a fraudulent transfer of the property of Kugelmann & Co. within the meaning of section 636 of the Code, espe-

cially in view of the statutes of Maryland relating to limited partnerships. (Laws of Maryland, art. 73, §§ 15–17; *Lineweaver* v. *Slagle*, 64 Md. 465 ; *Van Alstyne* v. *Cook*, 25 N. Y. 489.)    The claim made by the defendant, that the affidavits do not show that the cause of action upon which the plaintiff seeks to recover is one of those specified in section 635 of the Code of Civil Procedure, is untenable. (*Hess* v. *Hess*, 117 N. Y. 306 ; *Sharp* v. *Hutchinson*, 100 N. Y. 533 ; *Bell* v. *Merrifield*, 109 N. Y. 208 ; *F. N. Bank* v. *Huber*, 75 Hun, 80 ; *Crater* v. *Bininger*, 45 N. Y. 545 ; *Middleton* v. *Twombly*, 125 N. Y. 524 ; *Cole* v. *Reynolds*, 18 N. Y. 74 ; *Howard* v. *France*, 43 N. Y. 493 ; *Bank of North America* v. *Delafield*, 126 N. Y. 410 ; *F. N. Bank* v. *Wood*, 128 N. Y. 35.)

ANDREWS, Ch. J.    The application for the warrant of attachment was based on the ground that the defendants "had assigned, disposed of, or secreted their property with intent to defraud their creditors."    The affidavits wholly failed to establish a case within this clause of the statute.    They show simply that the firm of Kugelmann & Co., in violation of the Maryland statute regulating the formation of limited partnerships, being insolvent, sold and transferred to the defendant, Francisco Vasquez, or to the firm of Francisco Vasquez & Sons, effects of the firm in payment of a valid debt owing by the firm to Vasquez or Vasquez & Sons, with intent to give a preference to such creditor or firm.    The *bona fides* of the debt is not questioned, nor is it claimed that the effects transferred exceeded in value the amount of the debt.    The Maryland statute declares (Sec. 15, art. 73 of the Public General Laws of Maryland) that a transfer made by a limited partnership under such circumstances, "shall be void as against the creditors of such partnership."    Vasquez having been at the time of the transfer a special partner in the firm of Kugelmann & Co., became, as is claimed, by accepting this transfer, liable under the 17th section of the act as general partner. The sale and transfer, although in violation of the Limited Partnership Act, did not bring the case within the attachment

law. It was void, but solely by force of the partnership stat-
ute. It was not a fraud at common law, under which prefer-
ential payments by an insolvent debtor are permitted. The
transaction could be set aside for the benefit of the body of
creditors of Kugelmann & Co., because the statute of Mary-
land declared it to be void, and Vasquez, by assenting to the
transfer in violation of the act, may have subjected himself to
liability as a general partner. But to authorize an attach-
ment under subdivision 2 of section 636 of the Code, there
must be actual or intended fraud upon creditors; such fraud
as was contemplated by the statute of Elizabeth, and similar
statutes. The violation of the Limited Partnership Act by
the preferential payment of an honest debt does not show that
the debtor has "assigned, disposed of or secreted his prop-
erty" with intent to defraud his creditors, within the attach-
ment law.

The orders of the General and Special Terms should be
reversed and the attachment vacated, with costs.

All concur.

Orders reversed.