(16 Misc. Rep. 133.)

　　　　LEXOW v. ST. LAWRENCE MARBLE CO. (three cases).

　　　(Supreme Court, Special Term, Fulton County.　February, 1896.)

ATTACHMENT—AGAINST CORPORATIONS—TRANSFER OF PROPERTY TO OFFICERS.
　　A transfer by a corporation to some of its officers of its property in payment of debt, though void under the stock corporation law, is not evidence in itself of a fraudulent intent, so as to justify an attachment.

Actions by Theodore Lexow against the St. Lawrence Marble Company.　Defendant moves to vacate an attachment.　Granted.

E. H. Neary, for plaintiff.
Putney & Bishop, for defendant.

RUSSELL, J.　The defendant moves to vacate the attachments, upon the papers on which they were granted.　Various objections to the sufficiency of the affidavits to justify attachments are made, one of which, and the most important, seems well founded.　The plaintiffs, in their affidavits, claim that the defendant, which is a domestic corporation, has disposed of, and removed from the state, some of its property, with intent to defraud its creditors.　For proof of this conclusion, the affidavits disclose that in contemplation of insolvency, and being insolvent, the defendant has paid Chicago and New York creditors, who are also officers of the defendant, in property belonging to the defendant; thus preferring such creditors, contrary to the provisions of the statute (Stock Corporation Act,[1] § 48).　The affidavits disclose, upon their face, a plain violation of this statute.　Upon the facts stated, the transfers are void.　It is, however, this statute which makes them void, in pursuance of a rule of public policy.　Prior to that enactment of the legislature they were not fraudulent or void unless made in pursuance of a fraudulent scheme shown by additional evidence.　Nor does the statute declare such transfers to be sufficient evidence, by themselves, of a fraudulent intent.　The principle of the statutory provision was to insure an equal distribution of the property of an insolvent corporation among its creditors.　It would furnish as powerful a weapon to destroy the application of this principle to rule that the void act of the corporation in transferring an item of its property to a creditor should furnish sufficient valid ground to prefer another by at-

[1] Laws 1892, c. 688.

tachment, as it would to allow the corporation's act of preference to stand. In either case the aim of the law would be defeated by the act of the corporation itself, and thus the statute would defeat itself. Under a similar statute of Maryland, applying to limited partnerships, our court of appeals held that a like transfer to a creditor did not justify the charge of fraud within the meaning of our Code, to maintain an attachment, and that actual, intentional fraud was necessary. Casola v. Vasquez, 147 N. Y. 258, 41 N. E. 517.

The attachments granted in these actions will be vacated. Ordered accordingly.