(19 Misc. Rep. 411.)

## HARROWAY v. FLINT.

### (Schoharie County Court. February, 1897.)

1. ATTACHMENT—FRAUD—ALLEGATION ON INFORMATION AND BELIEF.

An affidavit is fatally defective in that the allegations of fraud are on information and belief, where it alleges that defendant is about to dispose of her property with intent, as affiant believes, to defraud her creditors, and that the grounds of belief are certain statements of defendant's husband, who, as affiant is informed and believes, is defendant's duly-constituted agent for the transaction of all her business.

2. SAME—ALLEGATION OF FRAUDULENT INTENT.

An intent to dispose of property in fraud of creditors is not shown by an allegation of the affidavit that defendant's agent had stated "that defendant could not pay all her debts, and that she would have to make an assignment, and that she proposed to take care of certain ones of her creditors, and the others could take up with what they could get."

Action by Melvin W. Harroway against J. Della Flint. Defendant moves to vacate a warrant of attachment. Granted.

L. W. Baxter, for the motion.

E. A. Dox (G. M. Palmer, of counsel), opposed.

LAMONT, J. This motion is based upon the alleged insufficiency of the affidavit upon which the warrant of attachment was issued, in that it does not show an intent to make a fraudulent assignment, and that the allegations in relation thereto are made upon information and belief. The affidavit as to these matters reads as follows:

"That the defendant, J. Della Flint, is a resident of the state of New York, and is about to assign and dispose of her property with intent, as this deponent believes, to defraud her creditors, and the grounds of his belief are as follows: That defendant's husband, Alvin J. Flint, her agent, as hereinafter stated, informed this plaintiff, within the past week, that defendant could not pay all her debts; that she would have to make an assignment, and that she proposed to take care of certain ones of her creditors, and the others could take up with what they could get; that said Alvin J. Flint is the duly authorized and constituted agent of said defendant, doing and transacting all her business matters, as her said agent, as deponent is informed and believes."

I think that this affidavit is fatally defective, in that the material allegations, charging intended fraud on the part of the defendant, are upon information and belief. The allegation of agency rests upon mere hearsay, and I do not believe that it is sufficient to authorize a seizure of the defendant's property. Bank v. Ward, 35 Hun, 399; Selser Bros. Co. v. Potter Produce Co., 77 Hun, 313, 28 N. Y. Supp. 428; Yates v. North, 44 N. Y. 274; Bank v. Alberger, 78 N. Y. 252; Haebler v. Bernharth, 115 N. Y. 465, 22 N. E. 167; Hill v. Bond, 22 How. Prac. 272; Claflin v. Baere, 57 How. Prac. 78; Wallach v. Sippilli, 65 How. Prac. 501.

Again, even if the allegations in the affidavit charging intended fraud were positive, and not upon information and belief, the affidavit is still defective. It does not show any intent on the part of the defendant to do any act to defraud her creditors. The allegation "that defendant could not pay all her debts, and that she would have to make an assignment, and that she proposed to take care of certain ones of her creditors, and the others could take up with what they could get," fall far short of showing an intent on her part of making a fraudulent disposition of her property. She had a legal right to make a preferential assignment, thereby taking care of certain ones of her creditors; and the fact that the others would have to take up with what they could get would in no sense make the assignment fraudulent, but would be the legal sequence of a preferential assignment. Casola v. Vasquez, 147 N. Y. 258, 41 N. E. 517; Andrews v. Schwartz, 55 How. Prac. 190; Evans v. Warner, 21 Hun, 574. I would like to uphold this attachment, but the affidavit appears so clearly insufficient that I can come to no other conclusion than that the warrant must be vacated. An order to this effect may be entered, but without costs.

Motion granted, without costs.