SAINT LOUIS CLAY PRODUCTS COMPANY, Appellant, vs. CHRISTOPHER, Respondent.

*February 20—March 11, 1913.*

*Sales: Interstate commerce: Fraudulent conveyances: Presumption: Change of possession: Chattel mortgages: Failure to file: Attachment: Traverse: Issue: Burden of proof: Constructive fraud: Evidence of fraudulent intent: Damages for wrongful attachment: Attorneys' fees: Contracts: Abandonment: Construction.*

1. A sale in Wisconsin, by a traveling salesman for an unlicensed foreign corporation, of goods to be shipped from a point outside of the state to the purchaser in Wisconsin, is a transaction of interstate commerce and its validity is not affected by sec. 1770*b*, Stats.

2. Sec. 2310, Stats., relating to the presumption where there is no change of possession in case of sale of chattels, is inapplicable to conveyances of chattels by way of mortgage, which are covered by sec. 2313.

3. Upon traverse of an affidavit for attachment, the burden of proof is upon the plaintiff to support the averments in his affidavit; and the issue raised is not whether the creditor had reasonable cause for believing that grounds for attachment existed, but whether such grounds did in fact exist.

4. The chattel mortgage statute does not declare an unrecorded mortgage fraudulent, but merely invalid as against all persons except the parties thereto; and since the mortgagor does not control the filing, the mere fact that the mortgagee fails to file it does not justify the issuing of an attachment against the property of the mortgagor on the ground of fraud. *Ryan D. Co. v. Hvambsahl*, 89 Wis. 61, overruled.

5. Constructive fraud alone is, generally speaking, not ground for attachment, although it is an item which with others may serve

to establish fraud in fact. Especially is this true under our statute (sec. 2323, Stats.) which makes fraud in sales and mortgages of personal property a question of fact.

6. The fact that a contractor for the construction of a city sewer secured the surety company which signed his bond by a mortgage upon his tools and all materials which might be delivered for use in connection with the work, which mortgage was not filed, was not sufficient to sustain, on the ground of fraud, an attachment by a creditor from whom he purchased sewer pipe.

7. The fact that such contractor abandoned his contract with the city before it was completed would not of itself justify an inference of an intent to defraud his creditors.

8. Attorneys' fees incurred by an attachment defendant in sustaining his traverse are a proper item of damages for wrongful attachment.

9. Where a contract in writing for the sale of sewer pipe contained a reference to a "verbal understanding," and also a provision permitting "changes" in the descriptions of pipe if needed to fully complete the contract, and both parties treated it as including a particular kind of pipe delivered by the vendor, an award of damages for defective pipe of that description was proper.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

On November 9, 1909, the defendant herein entered into a contract with the city of Portage for the construction of a system of sewers in said city, agreeing to furnish all labor and material therefor; and on November 16, 1909, the defendant made a contract with plaintiff for the purchase of the sewer pipe for said sewers. The work was commenced in the autumn of 1909, was resumed in the spring, and was continued until some time in October, 1910, when defendant abandoned it and the city declared the contract with it forfeited. At that time defendant had on hand a large quantity of material bought from the plaintiff and not paid for. This action was brought to recover the unpaid balance, and the pipe then on the ground and other material owned by defendant were attached in November, 1910. Other facts are stated in the opinion. The appeal is from a judgment in favor of the defendant.

*Wm. O. Kelm,* attorney, and *Edward H. Ryan,* of counsel, for the appellant.

For the respondent there was a brief by *Daniel H. Grady,* and oral argument by *W. H. Farnsworth.*

TIMLIN, J.    The plaintiff, an unlicensed foreign corporation, brought this action to recover upon a contract made by the defendant with it for the purchase of sewer pipe.    There was due thereon from defendant at the time of entry of judgment the sum of $3,009.05, excluding offsets.  A jury was waived and this sum found by the court to be due to plaintiff. The contract was in writing, made in Wisconsin by a traveling representative of plaintiff, and the merchandise sold was in St. Louis, Missouri, and to be shipped from there to the defendant in Wisconsin.    The transaction was therefore one of interstate commerce and no objection upon the ground that the contract was void under sec. 1770*b*, Stats., can prevail.

Soon after beginning this action the plaintiff caused a writ of attachment therein to be issued against the property of defendant, and the amended affidavit in support of this attachment averred (1) that the affiant had good reason to believe that the defendant had assigned, conveyed, disposed of, or concealed, or was about to assign, convey, dispose of, or conceal, his property or some part thereof with intent to defraud his creditors; (2) that the defendant fraudulently contracted the debt and incurred the obligation respecting which the action is brought; (3) that the defendant was about to abscond from the state; (4) that the defendant was not a resident of the state.    The defendant traversed this affidavit, prevailed on the traverse, and upon evidence the court found defendant's damages for such wrongful attachment amounted to $2,940.65, and also allowed two counterclaims growing out of alleged breach of the contract by plaintiff aggregating $375.68, making, with costs on traverse of the affidavit for attachment and a small allowance of interest, $3,359.82. These damages wholly offset the allowance to the plaintiff of

$3,009.05 and $96.39 costs, leaving a balance of judgment of $223.79 in favor of the defendant. The property seized on this attachment consisted mostly of sewer pipe, lumber, and cement and was appraised at $2,396.16. This attached property was offered by the sheriff at public sale as perishable property pursuant to an order of a court commissioner on April 1, 1911, and sold for $709.

In order to obtain the contract from the city the defendant was required to give a surety bond. He did so and secured this surety by an indemnity agreement by which he assigned, transferred, and conveyed to the surety all his right, title, and interest in and to all the tools, plant, equipment, and materials of every nature and description that he then had or might thereafter have upon said work, including materials purchased for or chargeable to said contract which might be in process of construction or in transportation to said site, and all his right in and to all subcontracts, etc., and all deferred payments and retained percentages, and all moneys and properties due to him at the time of any breach or default or that might thereafter become due. This was in the nature of a chattel mortgage. It was not recorded in the office of the city clerk.

The appellant quotes and relies upon the ancient statute relating to change of possession in case of sales (sec. 2310, Stats.), with its presumptions, but we do not consider this statute at all applicable to conveyances of chattels by way of mortgage, which are governed by sec. 2313. The findings of the circuit court sustaining the traverse of the affidavit for attachment are well supported by evidence so far as these issues presented questions of fact. The evidence of fraudulent intent on the part of the defendant is almost wholly lacking and the burden of proof was upon the plaintiff to support the averments in his affidavit for attachment. *Lord v. Devendorf,* 54 Wis. 491, 11 N. W. 403; *Messersmith v. Devendorf,* 54 Wis. 498, 11 N. W. 906; 4 Cyc. 796 and cases; Id. 804.

The issues thus raised are not whether the creditor had reasonable cause for believing that grounds for attachment existed, but whether such grounds did in fact exist. 4 Cyc. 772, 773.

In *Lord v. Devendorf, supra,* it was ruled that the intent to defraud could not be inferred from the mere fact that the debtor made a general assignment for the benefit of his creditors, nor from this and the additional fact that in such assignment he preferred some of his creditors to others and that he turned out property in payment of certain of his creditors after the levy of the attachment and before the execution of the assignment. Other evidence is collected in the opinion and held insufficient to constitute such clear preponderance of evidence as to require this court to reverse the order of the circuit court sustaining the traverse.

In *Wachter v. Famachon,* 62 Wis. 117, 22 N. W. 160, it was also held that the mere fact that a debtor had made a conveyance or mortgage within sixty days prior to a general assignment and with intent to prefer a particular creditor is not in itself evidence of an intention to defraud creditors under this attachment statute, although there existed a statute which made the sale, mortgage, etc., by an insolvent debtor of his property within sixty days prior to the making of an assignment for the benefit of his creditors and in contemplation thereof void and of no effect. It was said that this prevented preferences to the extent mentioned, but did not furnish proof sufficient to support an attachment on the ground of fraudulent conveyance or disposition of property. Intent to defraud a creditor is an essential element of this subdivision of the attachment statute under consideration, and whether or not such intent exists is a question of fact. *Palmer v. Hawes,* 80 Wis. 474, 50 N. W. 341; *Curtis Bros. & Co. v. Hoxie,* 88 Wis. 41, 59 N. W. 581. *Anderson v. Patterson,* 64 Wis. 557, 25 N. W. 541, was a case of traverse of the affidavit for attachment sustained in the circuit court and an appeal to this

court.    There was an unrecorded chattel mortgage upon the stock of goods, and the mortgagor, with the acquiescence of the mortgagee, ·was selling the goods and applying the proceeds to the support of his family and to the purchase of other goods.    The order of the circuit court was reversed. But the court inferred from this mode of dealing between the parties an agreement between the mortgagor and mortgagee that the property might be so disposed of by the mortgagor, and hence that fraud in fact was proven.    It is also noticeable that the chattel mortgage statute does not declare an unrecorded chattel mortgage fraudulent, but merely invalid as against all persons except the parties thereunto.    A statute declaring a conveyance invalid does not necessarily make such instrument fraudulent or a ground for attachment.    *First Nat. Bank v. Rosenfeld,* 66 Wis. 292, 28 N. W. 370; sec. 2313, Stats.    A mortgagor cannot ordinarily control the filing of the chattel mortgage.    That duty is primarily cast on the mortgagee if he wishes to validate his mortgage as against third persons.    But the attachment statute authorizes an attachment to issue on account of the fraud of the mortgagor.    If the mere omission of the mortgagee to record the chattel mortgage were to be treated as constructive fraud on the part of the mortgagor and this constructive fraud sufficient to support an attachment of the property of the latter, the order in this case sustaining the traverse must be reversed. But such is not the law.    This brings us to the case of *Ryan D. Co. v. Hvambsahl,* 89 Wis. 61, 61 N. W. 299.    That was a case where the circuit court sustained the attachment, and upon appeal to this court the order was affirmed.    In the opinion it is said:

"The contention that the charge of a fraudulent transfer or disposition of the defendant's stock of goods is not made out in this case unless a fraudulent intent in fact is shown, cannot be maintained.    As the mortgage was void in law as against all others than the parties thereto, no fraudulent intent

need be shown. While valid as between the parties, the law, where the statute has not been complied with, conclusively imputes to the mortgage a fraudulent character as to creditors; and no evidence of good faith in fact, however clear or satisfactory, can rescue it from the condemnation of the statute."

This is followed by a citation of *Blakeslee v. Rossman,* 43 Wis. 116, which presented no question of the traverse of an attachment, but was an action by the holder of a chattel mortgage against the sheriff who seized the goods upon execution issued upon a judgment against the mortgagor. In such case it is well settled that an instrument may be constructively fraudulent as against such judgment or execution creditors. It is just as well settled that constructive fraud is, generally speaking, not alone ground for attachment. Cases *supra; Casola v. Vasquez,* 147 N. Y. 258, 41 N. E. 517; 3 Am. & Eng. Ency. of Law (2d ed.) 201. No doubt the existence of an instrument constructively fraudulent or of an unrecorded chattel mortgage is an item which with others may establish a case of actual fraud. That with an implied agreement that the mortgagor may go on disposing of the mortgaged goods without applying the proceeds on the debt which the mortgage is given to secure, but using them for his own private benefit, was held sufficient to establish fraud in fact in *Anderson v. Patterson,* 64 Wis. 557, 25 N. W. 541. But it is quite another thing to go to the extent to which the language above quoted from *Ryan D. Co. v. Hvambsahl, supra,* would carry us. That position is so extravagant and that case so out of line with the current of authority in this state, as indicated by the other cases cited in this opinion, that it must be considered overruled. We have in this state also a statute making fraud in sales and mortgages of personal property a question of fact. Sec. 2323, Stats.

We do not find any evidence in connection with the chattel mortgage security to the surety company or in connection with the assignment to the bank as security sufficient to overthrow the finding of the circuit court annulling the attach-

ment. The same may be said with reference to each of the other grounds for attachment asserted by the amended affidavit. Upon each of these there was evidence to support the decision of the learned circuit court, and upon neither can it be said that the evidence preponderates against such decision. It is unnecessary and impracticable to review this evidence in detail.

A further contention is made that the defendant, by abandoning his contract with the city some time in October, 1910, committed a fraud which justified the attachment on November 2, 1910. Here again fraud was a question of fact. It is rather a strained inference that the defendant abandoned his contract with the city for the purpose of defrauding the plaintiff or his other creditors, and there is nothing in the evidence to justify this conclusion.

In awarding damages for wrongful attachment the learned circuit court allowed an item of $200 for expenses of the defendant for attorney fees in carrying out and consummating the traverse of attachment. This was a proper item of damages. *Braunsdorf v. Fellner,* 76 Wis. 1, 17, 45 N. W. 97, printed case (p. 140), found in Cases and Briefs, vol. 325.

With reference to the award to the defendant on his counterclaim for damages for delay in the shipment of pipe, that seems to have been a question of fact found against the appellant by the court below on sufficient evidence, and the same is true with reference to the recovery for defective pipe. It is contended that the court erred in construing the contract in question to include a sewer pipe described as a five-inch Y. The contract was in writing, but carried in the writing a reference to a "verbal understanding" and also an agreement permitting "changes" in description of pipe if needed to fully complete the contract. Both parties treated the contract containing these elastic terms as including this particular kind of sewer pipe. The plaintiff included in its complaint and

recovery a claim for the sale of such pipe and testified that all pipe was shipped under the contract.

We have now noticed all errors assigned which seem to us deserving of mention. We have not, however, confined our attention merely to these, and we find no substantial error in the proceedings or trial below, hence affirm the judgment.

*By the Court.*—Judgment affirmed.