·GERMANIA NATIONAL BANK OF MILWAUKEE, Respondent, vs. LACHENMAIER, Appellant.

*March 18—April 9, 1914.*

_Attachment: Intent to defraud creditors: Question of fact: Evidence._

1. Upon traverse of an affidavit for attachment the question of defendant's intent to defraud his creditors is a question of fact.
.2. The evidence in this case is *held* to sustain a finding by the trial court to the effect that defendant disposed of certain moneys to his wife with intent to defraud his creditors, and concealed other moneys with like intent.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *William E. Burke,* attorney, and *David E. Johnson,* of counsel, and oral argument by *Mr. Burke, Mr. Johnson,* and *Mr. J. G. Flanders.*

For the respondent there was a brief by *Austin, Fehr &* ·*Gehrz,* and oral argument by *G. G. Gehrz.*

SIEBECKER, J. The plaintiff bank brought action on a note given by the defendant to plaintiff on September 2, 1910, due six months thereafter. On November 19, 1910,

this action was commenced by service of the summons and complaint. On the same day, upon affidavit of the cashier of the bank, the plaintiff commenced attachment proceedings based upon sufficient undertaking and an affidavit stating that the debt, evidenced by the note, is to become due thereafter, and that affiant had good reason to believe and did believe that the defendant was about to abscond from the state of Wisconsin, that he had assigned, conveyed, disposed of, or concealed his property, and that he was about to assign, convey, dispose of, or conceal his property or a part thereof with the intent to defraud his creditors. The sheriff of Milwaukee county under the writ of attachment seized property belonging to the defendant amounting to $1,269.35. The defendant on November 21, 1910, delivered to the sheriff his undertaking in the sum of $3,050 signed by the Illinois Surety Company as surety, conditioned that they will pay on demand the amount of any judgments plaintiff might recover against the defendant in this action and in another action between the same parties wherein attachment proceedings were pending, not to exceed the amount of the undertaking. Upon delivery of this undertaking the sheriff returned the property he held under the levy to the defendant. The defendant interposed a special answer in the attachment proceedings denying the existence of the material facts stated in the affidavit of attachment, and the issues so raised were, under stipulation of the parties, tried by the court. It was stipulated that the material evidence offered in either case was to be considered in each case.

It appears that the defendant for some time prior to the month of February, 1910, was conducting a clothing and furnishing store in the city of Milwaukee, and that he in this month of February became financially embarrassed, which resulted in subjecting him to bankruptcy proceedings, and on March 2, 1910, was adjudged a bankrupt and a trustee was appointed who acted until discharged by the court after de-

fendant effected a settlement with his creditors. In a sub-
sequent bankruptcy proceeding the plaintiff's claim on the
note in question in this action was allowed as a claim, and
before this action was tried the sum of $378 was paid as a
dividend thereon. It also appears that the defendant was
granted a discharge from all debt on April 9, 1912; that
plaintiff appealed from such order of discharge to the United
States circuit court of appeals, and that the order of discharge
was vacated and set aside in this circuit court of appeals on
July 7, 1913, before the trial of this action.

Upon the trial of this case the defendant's acts and con-
duct in the administration of his business and financial af-
fairs, from the time he borrowed $9,000 from the plaintiff
to resume business in March, 1910, to the time of trial, were
fully disclosed. They show that he repudiated his indebted-
ness to the plaintiff about the time his note of $500 became
due in October, 1910; that he transferred his banking busi-
ness from the plaintiff to another bank; that he conducted a
clean-out sale in November, 1910, under circumstances of
financial strain and in a manner which tended to show that he
was manipulating the proceeds in ways calculated to conceal
the real transactions and the disposition of the cash realized
on such sales. Many of the transactions are characterized by
secret and surreptitious dealings with his property and the dis-
position of the proceeds of his sales which were obviously in-
jurious to his creditors and support the claim that he assigned,
conveyed, disposed of, or concealed his property or was about
to do so with intent to defraud his creditors. An attentive
and careful examination of the facts and circumstances of the
case convinces us that the court is amply sustained in its con-
clusion "That between November 10, 1910, and the time of
the commencement, on November 19, 1910, of the attachment
proceedings herein, as aforesaid, said defendant, *Fred Lach-
enmaier,* disposed of part of his property, to wit, certain sums
of money aggregating $800, with intent to defraud his cred-

itors, and concealed part of his property, to wit, certain other
sums of money which he secretly placed in the custody and
control of Martin A. Graettinger, with intent to defraud his.
creditors." Upon the record it was clearly a question of in-
ference of fact whether or not the defendant disposed of the
$800 to his wife with intent to defraud his creditors and
whether or not he concealed the moneys he secretly placed
into the hands of Graettinger with like intent. The appel-
lant does not dispute that he disposed of his property to the
persons as found by the court; but contends that the court
erred in finding that defendant did this with intent to de-
fraud his creditors, asserting that this is a question of law and
not of fact. Herein the learned counsel for appellant is not.
sustained. As stated in the recent case of *St. Louis C. P.
Co. v. Christopher,* 152 Wis. 603, 140 N. W. 351, "Intent to·
defraud a creditor is an essential element of this subdivision
of the attachment statute under consideration, and whether
or not such intent exists is a question of fact. *Palmer v.·
Hawes,* 80 Wis. 474, 50 N. W. 341; *Curtis Bros. & Co. v.·
Hoxie,* 88 Wis. 41, 59 N. W. 581."

The circuit court properly awarded judgment against the·
defendant.

*By the Court.*—The judgment appealed from is affirmed.