## JOHNSON v. ABBOTT.

(No. 896; Decided June 26th, 1917; 165 Pac. 991.)

FRAUDULENT CONVEYANCES — PREFERENCE TO CREDITORS — CHATTEL MORTGAGES—HUSBAND AND WIFE—RIGHT TO PREFER WIFE AS A CREDITOR—CONSIDERATION—ATTACHMENT—DISCHARGE OF ATTACHMENT.

1. A chattel mortgage given by a husband to his wife to secure a sum then owed her by her husband for labor performed by her for about two years prior to their marriage, and money loaned to him by her being the proceeds from the sale of real and personal property which she owned before their marriage, was based on a sufficient consideration.

2. A debtor may prefer one creditor to another, although the preferred creditor is his wife, if his purpose is to secure a bona fide claim.

ERROR to District Court, Hot Springs County; CHARLES E. WINTER, Judge.

Action by W. J. Johnson against Frank Abbott in which a writ of attachment was issued and levied upon defendant's property. From an order sustaining a motion to dissolve the attachment and discharge the attached property, the plaintiff brings error. Other material facts are stated in the opinion.

*John M. Hench,* for plaintiff in error.

The evidence shows a fraudulent motive in securing the loan which is the subject matter of this suit. When payment was demanded, defendant mortgaged his property to his wife under circumstances indicating a purpose of so disposing of his property to defraud his creditors. Defendant's wife knew of his indebtedness to plaintiff and also knew that the proceeds of the loan had been used to improve the sanitarium property and a homestead claim of Mrs. Abbott's. The office of an attachment is to hold property intact until judgment. The appellate court will not inquire into the merits of the original transaction. (Collins v. Stanley, 15 Wyo. 282.) The court erred in overruling plaintiff's motion to strike out the evidence of defendant Abbott and in sustaining the motion to dissolve the injunc-

tion. Transactions between a husband and wife to the prejudice of creditors will be closely scrutinized. (20 Cyc. 604.) Conveyances to a wife by a husband are presumed to be fraudulent. (Jensen v. Lewis, 72 N. W. 861; Carson v. Stevens, 58 N. W. 845; Kirchman v. Corcoran, 70 N. W. 916.) Defendant is required to prove a valuable consideration. (20 Cyc. 759; 12 N. W. 753.) And to establish necessity of purpose and an absence of all intent to defraud creditors. (First National Bank v. Cavanaugh, 43 Pac. 218.) And show good faith and an adequate consideration. (153 Pac. 511; Hoey v. Pieron, 30 N. W. 692.) The evidence as to the valuation of the property was incompetent and the court erred in refusing to strike it out. (40 Cyc. 4652.) The evidence showed the insolvency of defendant. A person whose business affairs are in question and is unable to pay his debts falling due in the ordinary course is insolvent. (Adler & Sons v. Heilman, 75 N. W. 877; Clark v. Mott, 33 N. W. 884; Bouvier's Dict.; 2 Kent, 389; 10 Blatchford, 493; 22 Cyc. 1256.) A debtor is insolvent and embarrassed and in failing circumstances when he is unable to pay his debts from his own means when they become due. (Sec. 3366, Comp. Stats. 1910.) The note was due at the time of the execution of the mortgage to defendant's wife. The claim of prior indebtedness owing defendant's wife for labor performed before their marriage is unreasonable in view of the circumstances shown by the evidence. Leaman, the original payee of the note, was incapable of transacting business; he was an invalid at the sanitarium conducted by defendant, who prevailed upon him to make the loan without securing it. The order dissolving the attachment should be set aside.

*C. W. Axtel* and *Matson & Kennedy,* for defendant in error.

There is no evidence to sustain the attachment. No attack is made upon the validity of the two prior mortgages, viz., one executed to William Duncan and one to the Thermopolis State Bank on the 10th of November, the mortgage

to the wife having been given in November, 1916. The mortgage given defendant's wife for $1,950.00 was to secure an indebtedness for labor and for cash loaned defendant prior to their marriage. The evidence showed that defendant was not insolvent at the time he gave the mortgage to his wife. The witnesses who testified as to property valuations were shown to be competent. Where grounds of attachment were denied, the burden rests upon plaintiff to sustain them by additional evidence. (Collins v. Stanley, 15 Wyo. 282.) Property fraudulently conveyed may be attached, but the creditor must show fraud and lack of consideration. (4 Cyc. 562.) Relationship of the parties does not change the rule. (20 Cyc. 753.) A husband though insolvent may convey to his wife where the consideration is adequate. (20 Cyc. 603; First National Bank v. Swan, 3 Wyo. 356.) There was evidence to support the ruling and it should not be disturbed. (Collins v. Stanley, supra.) It is only when an order discharging attachment was clearly erroneous that such order will be disturbed. (Smith Drug Co. v. Casper Drug Co., 5 Wyo. 510.) The mortgage given defendant's wife was given openly and notoriously and immediately placed on record seventeen months before plaintiff instituted his attachment suit. The transfer was free from fraud and the trial court properly so found. The preponderance of the evidence is with the defendant.

BEARD, JUSTICE.

Plaintiff in error, as plaintiff below, commenced this action in the District Court against the defendant in error and caused a writ of attachment to be issued and levied upon defendant's property. Defendant moved to dissolve the attachment and discharge the attached property, which motion was upon a hearing sustained, and plaintiff brings error.

The grounds for the issuance of the writ of attachment, as stated in the affidavit therefor, are as follows: (1) "That the defendant is about to remove his property, or a part thereof, out of the jurisdiction of the court, with intent to defraud his creditors." (2) "That said defendant is about

to convert his property, or a part thereof, into money for the
purpose of placing it beyond the reach of his creditors." (3)
"Said defendant has property or rights in action which he
conceals." (4) "Said defendant has assigned, removed, dis-
posed of, and is about to dispose of his property, or a part
thereof, with intent to defraud his creditors."

The motion to discharge the attachment was made upon
the ground that the several grounds for the attachment con-
tained in the affidavit therefor were not true. The defend-
ant in his affidavit in support of his motion positively denied
that either of said grounds existed or was true. The mo-
tion was heard upon affidavits and other evidence. The only
ground for the attachment which the evidence tends to sus-
tain is the fourth, that defendant had disposed of his prop-
ety, or a part thereof, with intent to defraud his creditors.
This action was brought upon a promissory note of defend-
ant for $5,500.00, dated October 10, 1911, due three years
after date with six per cent interest, on which two years'
interest had been paid. The action was commenced April
20, 1916. It appears that about November 16, 1914, defend-
ant gave a chattel mortgage on the property to one Duncan
for $2,000.00, and one to the Thermopolis Bank for $600.00,
and on that date one to his wife for $1,950.00. It is the lat-
ter mortgage which plaintiff claims was given to defraud
creditors. Defendant testified that the mortgage to his wife
was given to secure that sum which he then owed her for
labor performed by her for about two years just prior to
their marriage in July, 1912, and $521.00, money loaned to
him by her, the same being the proceeds from the sale of
some cattle and town lots which she owned before their mar-
riage; and $330.00 of which he applied to the payment of
interest on the note in suit. His evidence as to that is not
contradicted, and if believed by the court, as it evidently
was, established full consideration for the mortgage to her.
That a debtor may prefer one creditor to another, although
the preferred creditor is his wife, we entertain no doubt,
if the purpose is to pay or secure a *bona fide* claim. As
stated in National Bank v. Croco, 46 Kan. 629, 26 Pac. 942,

"It is well settled that a debtor in failing circumstances may prefer one creditor to another, although that creditor should be his wife, and he may. in good faith transfer his property at a fair price to her in payment of her *bona fide* claim." And in Rockford Boot & Shoe Mfg. Co. v. Mastin, 75 Ia. 112, 39 N. W. 219, the court said: "The evidence tends to show, and we think it is established, that George W. either knew his father was in seriously embarrassed circumstances at the time of the conveyance, or, if not, he had sufficient knowledge thereof to put him on inquiry. But as he was a *bona fide* creditor, he had a right to secure himself; and in such case the diligent creditor is entitled to priority over the tardy or less fortunate creditor, unless there was an actual intent to defraud, instead of a desire simply to secure an honest debt." In Laird, et al., v. Davidson, 124 Ind. 412, 25 N. E. 7, a case in which judgment creditors caused executions to be levied upon property which had been conveyed by the debtor husband to his wife, the court said: "No difference from what source the appellee (the wife) acquired the money, so that such acquisition was not tainted with bad faith, she had a perfect right to. loan it to her husband, and take his promissory note therefor; and thereafter, and when in failing circumstances, he had a right to prefer her to the exclusion of other creditors. We think these are not debatable questions." Without further quotations, as sustaining our views, see Bamberger v. Schoolfield, 160 U. S. 149, 16 Sup. Ct. 225, 40 L. Ed. 374; Micou v. National Bank, 104 U. S. 530, 26 L. Ed. 834; Wait on Fraudulent Conveyances and Creditors' Bills (3rd Ed.), Sec. 390; 20 Cyc. 472. In the present case the defendant testified—and it was not contradicted—that when he gave the mortgage to Duncan his wife asked him to give her security for her claim, and he did so. There was no evidence that she had any other purpose than obtaining security.

Evidence of the value of defendant's property at the time the mortgage was given was introduced. It was in sharp conflict, and if, as counsel for plaintiff states, the court de-

cided that defendant was not insolvent, there was sufficient evidence to sustain such finding.

We discover no error in the record, and the order dissolving the attachment and discharging the attached property is affirmed.                    *Affirmed.*

POTTER, C. J.,concurs.