## STATE BANK OF WHEATLAND v. BAGLEY BROS., ET AL.
### (Fidelity and Deposit Co. of Maryland, Intervener.)
(No. 1709; May 10, 1932; 11 Pac. (2d) 592)

For the intervener and appellant, Fidelity & Deposit Company of Maryland, a corporation, there was a brief by *T. A. Mapes,* of Denver, Colorado, and *H. B. Henderson, Jr.,* of Cheyenne, Wyoming, and oral argument by *Mr. Henderson.*

For the plaintiff and respondent there was a brief by *M. A. Kline,* of Cheyenne, Wyoming, and *O. O. Natwick,* of Wheatland, Wyoming, and oral argument by *Mr. Kline.*

For defendants and respondents there was a brief by *Kinkead & Pearson,* of Cheyenne, Wyoming, and *W. B. Jones,* of Wheatland, Wyoming, and oral arguments by *Mr. W. C. Kinkead* and *Mr. A. A. Pearson.*

RINER, Justice.

This appeal presents that phase of the record already discussed at length in the opinion filed in No. 1708, 11 Pac. (2d) 572, which relates to the action of the District Court in finding in its decree that:

"The indemnity agreement set forth and described in the intervening petition of the Fidelity & Deposit Company is in effect a chattel mortgage and not having been filed or recorded as required by the laws of this State, was and is absolutely void as to plaintiff, and created no right, title or interest in or to the property described therein that was or is superior to the rights, title and interest of plaintiff.

"That Bagley Brothers and John R. Bagley, as surviving partner of said copartnership, had a legal right to prefer the plaintiff over the intervenor if they chose to do so."

Upon these findings, the court adjudged that the intervenor, Fidelity and Deposit Company of Maryland, take nothing by its petition of intervention and that the same should be dismissed. The parties will herein be referred to as in that opinion.

That the finding of the District Court concerning the nature of the indemnity agreement received in evidence and its effect touching the bank, in consequence of not being filed in the county clerk's office of the proper county, was correct, is sufficiently established by the law of this state, Wyo. Rev. St. 1931, § 71-105, Wyo. Comp. St. 1920, § 4687, and the following cases: Title Guaranty and Surety Company v. Witmire, 195 Fed. 41; Massachusetts Bonding and Insurance Co. v. Kemper, (C. C. A.) 220 Fed. 847; Commercial Casualty Co. v. Williams, (C. C. A.) 37 Fed. (2d) 326; St. Louis Clay Products Co. v. Christopher, 152 Wis. 603, 140 N. W. 351. The record shows beyond dispute that the indemnity agreement was never filed for record.

The argument is made, so far as we are enabled to understand it, that Brice, as president of the bank and as local agent for the intervenor, was chargeable with actual knowl-

edge of the terms of the indemnity agreement between the firm and intervenor and hence, did not take in good faith the chattel mortgage of date "Aug. .... 1927" counted upon in plaintiff's seventeenth cause of action, but the record proof appears to be that the application for the bond, which contained the indemnity agreement and which was made by the firm preliminary to their undertaking the Newcastle-Lead highway construction contract and presented to intervenor in order to obtain it as surety upon the bond which secured the proper performance of the highway construction contract, was arranged for through other parties than Brice. He testifies that he knew nothing of the contents of the agreement and there does not seem to be evidence in the record to establish the fact contrary to this statement. The court found against intervenor and we find no reason submitted for disturbing that finding.

The suggestion is made in intervenor's behalf that the act of John R. Bagley, as surviving partner, in giving the real estate mortgage of October 1, 1927, resulted in giving a preference to the bank over other creditors, but we see no force in this point. In 20 R. C. L. 997, § 234, it is said:

"For the purpose of winding up partnership affairs a surviving partner has the power to borrow money and give a pledge or mortgage of the partnership assets. It seems that he may exercise this power even if the effect is to prefer one firm creditor over another."

The right of a debtor in failing circumstances to prefer a creditor has previously been considered by this court and allowed. Quealy Land etc. Co. v. George, 36 Wyo. 268, 254. Pac. 130; Johnson v. Abbott, 25 Wyo. 133, 165 Pac. 991.

Those portions of the decree involved in this appeal should be affirmed.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.