Cicero Township v. Picken *et al.*

Filed Feb. 21, 1890.

No. 15,189.

## CICERO TOWNSHIP v. PICKEN ET AL.

JUDGMENT.—*Collateral Attack.*—*Absence of Summons.*—*Appearance by Counsel.* —*Township.*— *Merger of Written Obligations in Judgment.*—*Fraud.*—*Complaint.*—The complaint in this case states, among other things, that theretofore a judgment had been rendered against the plaintiff, a township, on certain obligations against the township issued by the trustee thereof; that no summons had been issued in the original action; that an appearance for the township had been entered by its attorneys, one of whom was a surety on the trustee's bond; that said attorneys filed an answer admitting the legality of the claim, except as to certain items, and permitted judgment to be rendered against the township. It alleges, further, that the obligations upon which the judgment was rendered were issued without authority or right, and in violation of statute, and concludes with a prayer for the setting aside of the judgment, etc.

*Held*, that the judgment in the original action could not be successfully attacked in this collateral proceeding.

*Held*, also, that the writings sued upon were merged into the judgment which the court rendered, and so long as it remains undisturbed the validity of said obligation is not an open question.

*Held*, also, that the complaint does not state facts sufficient to constitute a fraud, practiced by the plaintiffs in the original action, or any one in their behalf, either upon the court or the defendant, as the result of which the judgment was obtained.

From the Tipton Circuit Court.

*W. R. Oglebay* and *C. N. Pollard,* for appellant.
*J. N. Waugh* and *J. P. Kemp,* for appellees.

BERKSHIRE, J.—The second paragraph of the complaint, which is the only paragraph brought to this court, was filed by the appellant, who was the plaintiff below, on the 13th day of September, 1889.   The substance of this paragraph of complaint is, that on the 7th day of April, 1884, one Henry C. Finney was duly elected to the office of township trustee of said Cicero township, and was duly inducted into office ; and was again duly elected on the 5th day of April, 1886, and was duly inducted into office, and continued as such trustee until the 13th day of April, 1888 ; that while in said office the said Finney, as such trustee, executed certain pretended written evidences of indebtedness against said township, and certain written pretended obligations of the said township to pay certain sums of money at times in said writings named ; the amount of said obligations, when due, to whom payable,and when dated being given ; that all of said pretended evidences of indebtedness were assigned, by endorsement, to the appellees, except one, which has no endorsement upon it ; that on the 14th day of December, 1887, the appellees filed a complaint in the office of the clerk of the Tipton Circuit Court, against said township (the appellant) based exclusively upon said pretended written obligations, but at no time caused any summons to issue upon said complaint ; that on the 19th day of December, 1887, an appearance was entered to said action in the name of Gifford & Fippen, as attorneys for the appellant, and an answer filed admitting the legality of the appellees' claim in said cause, except as to interest in excess of six per cent. and attorney's fees claimed, and made no other issue therein ; that the said Gifford was then one of the sureties on the official bond of said Finney, trustee as aforesaid, and was such surety during his entire term of office, and was such surety at the time he appeared to said action ; that the said Finney was

then, and has since been, wholly insolvent; that the said Gifford was then, as such surety, liable for every default of said trustee; that on the 24th day of December, 1887, the appellees procured a judgment to be rendered on their said claim in said action against the appellant, for the sum of $2,496.95, with costs of suit, which still remains in force upon the records of said court, and is still owned and controlled by the appellees; that said judgment is null and void in this, that said supposed debts, and each and all of them, were, when contracted by said trustee, in excess of the fund then in the hands of such trustee to which said indebtedness was chargeable, and in excess of the funds to which said debts were chargeable, to be derived from the tax assessed against said township for the proper year; that the said trustee did not, at any time, procure an order from the board of commissioners authorizing him to contract such indebtedness, or any part of it; that said supposed indebtedness was contracted in violation of sections 6006 and 6007, R. S. 1881; that said apparent indebtedness was a fraud upon the appellant; that one Harrison A. Woodruff was duly elected and inducted into office as the successor of said Henry C. Finney, and is now filling said office, and has procured this suit to be instituted to have the appellant relieved from said judgment; that he instituted this suit as soon as he discovered the facts herein alleged, or could have done in the exercise of reasonable diligence.

There is then a prayer that said judgment be set aside, and that the appellant be allowed to defend the said former action.

The court sustained a demurrer to the said second paragraph of complaint and to the ruling of the court, an exception was reserved.

The appellant having refused to amend its complaint, judgment was rendered against it for want of a sufficient complaint, and from that judgment this appeal is taken.

The only question raised by the assignment of error is as

to the sufficiency of the said paragraph of complaint. It is not claimed by counsel for the appellant that the cause of action alleged brings the case within any of the statutory provisions for relief against judgments.

The theory of the complaint is, that the equity powers of the court are such as to cover the case made, and that on equitable grounds the appellant is entitled to the relief sought. As was said in the case of *Weiss* v. *Guerineau*, 109 Ind. 438 (443): "Methods for obtaining a new trial, or to review a judgment for material new matter, or for error of law, are pointed out by the statute, and beyond the methods thus prescribed courts possess inherent power to an almost unlimited extent, to redress wrongs by modifying or setting aside judgments obtained by fraud or mistake."

We may concede, for all the purposes of this case, that the written obligations issued by Finney, as trustee, upon his township, were void, and that had the original action been rigorously defended the appellant would have succeeded in defeating a recovery, and then the inquiry confronts us: Does the complaint allege fraud or mistake in the obtainment of the judgment against which relief is sought? If not, then the demurrer was rightfully sustained thereto. It is not claimed that there was any mistake because of which the appellant suffered or permitted the judgment to be rendered. If the complaint is to be upheld on any ground, it must be because the judgment is tainted with fraud; fraud upon the court or upon the appellant, but for which there would have been no such judgment.

In this State there is no such thing as constructive fraud; by statute the question of fraud is made a question of fact. Section 4924, R. S. 1881; *Rose* v. *Colter*, 76 Ind. 590; *Leasure* v. *Coburn*, 57 Ind. 274; *Bentley* v. *Dunkle*, 57 Ind. 374.

"By our statute the question of fraud is made one of fact, and where fraud is essential to the existence of a cause of

action it must be found as a'fact, and not left to be inferred as a matter of law." *Phelps* v. *Smith*, 116 Ind. 387.

The writings sued upon were merged into the judgment which the court rendered, and so long as it remains undisturbed the validity of the obligations, and the liability of the appellant for their payment, are not open questions.

The law conferred upon the court jurisdiction of the subject-matter of the action, and the appellant's appearance jurisdiction over the person, and when the power of the court was called into action every question necessary to fix the appellant's liability was involved, and the court's final determination, whether right or wrong, is conclusive upon all of the parties until set aside, or overturned, by some competent authority; and until this is done the appellant will not be heard to say, for any purpose, or upon any ground, that the claims that were sued upon were not valid, and upon which there was no legal liability.

We come back, then, to the question, does the complaint charge facts sufficient to constitute a fraud practiced by the appellees, or any one in their behalf, either upon the court or the appellant, as the result of which the judgment was obtained?

We do not think it does. The court was open, and the appellees had a right to go into it with their alleged cause of action.

It is true, they caused no summons to issue, which is rather an unusual circumstance in the institution of adversary proceedings in courts of justice, but not wholly without precedent. But, standing alone, this circumstance is of no moment, for the reason that the appellant had the right to waive process, and enter an appearance to the action; and when so entered the judgment thereafter rendered was just as binding, and had the same force and effect, as though a summons had been issued and served. The only purpose of a summons is to give to the party defendant notice that an action is pending against him, that he may have an opportunity to prepare

Cicero Township *v.* Picken *et al.*

and make such defence to the action as he may have; and if he sees proper to appear and waive notice, neither he nor any one else can complain because of the failure to have process issued.

It is not alleged that the appellant's trustee, and the appellees, had any understanding, or agreement, in reference to the institution of the action, or the appearance of the appellant without notice, and without such an averment we must infer that there was no such understanding; and, if not, the appellees can not be made to suffer for what the appellant did, no difference what may have been the purpose of its agent having authority to act for it in the matter.

It seems that one of the two attorneys who appeared for the appellant, and filed its answer, was a surety on the bond of the appellant's then trustee, but it is not averred that the appellees knew that fact, or had anything to do with the selection of the attorneys who appeared for the appellant.

Suppose it were conceded that the then trustee employed the attorneys who appeared to the action for the purpose of enabling the appellees to obtain judgment promptly, and without litigation, but without knowledge on the part of the appellees that what was being done was not in good faith, the appellees could not be prejudiced thereby; it not appearing that the court was in any way deceived by the action of those representing the appellant, and thereby induced to render a different judgment than it would otherwise have rendered.

The fact that one of the attorneys for the appellant was on the bond of the trustee did not make it improper for the attorney, either alone, or as the associate of some other attorney, to appear for the appellant in said action.

There are no facts alleged tending to establish bad faith on the part of the appellees, either in the institution of their said action, or its prosecution to final judgment. If the contention of appellant's counsel can be maintained, judgments rendered against public corporations are of no binding force,

and have no validity, if the corporation, as it turns out, could have successfully defended the action on the ground of want of power to enter into the obligation sued on.

Notwithstanding all of the allegations in the complaint, it does not appear that any fraud was practiced upon the court by anybody, nor that the appellees acted otherwise than in the utmost good faith, nor .that the attorneys representing the appellant did not do what they believed, at the time, was the best that could be done in the interest of the appellant.

The appellant had its day in court, was represented by counsel and can not at this day successfully attack the said judgment in this collateral proceeding.

Judgment affirmed, with costs.

