Laird *et al. v.* Davidson.

No 14,258.

## LAIRD ET AL. *v.* DAVIDSON.

FRAUDULENT CONVEYANCE.—*Husband and Wife.*—*Title to Property Transferred.*—*Evidence.*—A wife brought an action against a constable and the creditors of her husband to recover the possession of personal property taken under execution against the husband. The theory of the defendants was that any title which the plaintiff had to the property was acquired through her husband in fraud of his creditors.

*Held,* that it was competent for the defendants to prove that a certain mare—part of the property levied upon—was kept in a stable which was under the control of the husband as tenant.

SAME.—*Husband and Wife.*—*Loan.*— *Promissory Note for.* — *Preference of Wife.*—From whatever source the wife acquired money, so that its acquisition was not tainted with bad faith, she had a right to loan it to her husband and take his promissory note therefor; and, when in failing circumstances, he had a right to prefer her to the exclusion of other creditors.

SAME.—*Civil Action.*—*Evidence.*—*Preponderance.*—In a civil action, whenever the plaintiff has a preponderance of evidence in his favor as to any fact as to which he has the *onus,* he is entitled to have that fact found in his favor.

From the Fountain Circuit Court.

· *M. E. Clodfelter, J. A. Lindley, J. L. Griffiths* and *A. F. Potts,* for appellants.

*H. H. Dochterman, T. F. Davidson* and *J. W. Newlin,* for appellee.

BERKSHIRE, C. J.—This was an action instituted by the appellee to recover the possession of certain personal property.

John F. Davidson and the appellee were husband and wife, the appellant Laird was a constable of Cain township, Fountain county. John D. Moore had obtained a judgment against said John F. Davidson before a justice of the peace of said township. Rufus K. Syfers and Frank A. McBride had obtained two judgments before the same justice against said Davidson. Executions having been issued upon said judgments, they were placed in the hands of said constable, and

Laird *et al. v.* Davidson.

by virtue of the authority therein given, he levied the same upon the said property.

Upon the issues joined the question presented for trial was as to whether the appellee or the said John F. Davidson was the owner of the property.

The question having been submitted to a jury, a verdict was returned for the appellee, and, over a motion for a new trial, judgment was rendered in accordance with the verdict.

The only error alleged to which our attention has been called rests upon the court's action in overruling the motion for a new trial. But several questions are presented for our consideration.

The theory of the appellants was that any claim or title which the appellee had or held to the property was acquired through her husband, and in fraud of his creditors.

On the trial of the cause the appellants offered to prove that a certain sorrel mare levied upon, before and at the time of the levy, was kept in a stable building which the said John F. Davidson had under his control as a tenant; that he paid the rent therefor, and took receipts for payments of rent in his own name. The trial court sustained objections to this evidence, and refused to hear it. In this ruling we think the court erred.

It is true the offered evidence may be regarded as somewhat insignificant in its character, but this court said long ago, that " Fraud may be deduced not only from deceptive or false representations, but from facts, incidents and circumstances, which may be trivial in themselves but decisive in the given case of a fraudulent design." *Peter* v. *Wright,* 6 Ind. 183.

While the circumstances which the appellants offered to prove would not, as between husband and wife, ordinarily be entitled to the same weight as in a case where that relation does not exist, it was a question for the jury to consider as to who had possession of the animal, and was exercising control over it; most certainly if the animal had been in

the exclusive possession and control of the appellee after she claimed to have purchased it, this would have been a material circumstance for her to have proven.

In view of the other circumstances proven, and the rule as above stated, we are not at liberty to hold that the error was a harmless one.

We do not think that the court erred in refusing to give instructions numbered 5, 6, and 8, asked by the appellants. No difference from what source the appellee acquired money, so that such acquisition was not tainted with bad faith, she had a perfect right to loan it to her husband, and take his promissory note therefor; and thereafter, and when in failing circumstances, he had a right to prefer her to the exclusion of other creditors. We think these are not debatable questions. See *Dice* v. *Irvin*, 110 Ind. 561; *Wilson* v. *Wilson*, 113 Ind. 415.

The court committed no error in refusing to give the 7th instruction requested by the appellant.

The appellee was not required to establish any proposition involved in the issues by a greater weight of evidence than a preponderance.

This was a civil action, and whenever the appellee had the preponderance of evidence in her favor, as to any fact as to which she had the *onus*, she was entitled to have that fact found in her favor. See *Elliott* v. *VanBuren*, 33 Mich. 49; *Continental Ins. Co.* v. *Jachnichen*, 110 Ind. 59.

The case of *Rowell* v. *Klein*, 44 Ind. 290, to which our attention has been directed, and from which the language of the instruction was borrowed, does not give the instruction support. There the question was as to whether or not the wife should be bound to her prejudice by the declarations and acts of her husband, on the theory that he was acting as her authorized agent; while, in the case at bar, we have the question reversed.

Sufficient reasons will readily occur to the mind of any

Laird *et al. v.* Davidson.

court for demanding stricter proof in the one class of cases than in the other as to the fact of the husband's agency.

Cases of the class to which *Rowell* v. *Klein, supra,* belongs, for obvious reasons, may be regarded as exceptional, so far as the question of the husband's agency is concerned; but even in that class of cases the exception consists in the quality of the evidence necessary to establish the fact, and not in its degree.

We do not think the court erred in refusing to give the 9th instruction requested by the appellants, for the reason that the court, by its own instructions, covered the ground.

It is our opinion that the court erred in refusing to give instruction numbered 13.

If the Ellis notes, which made up the principal part of the consideration for the stock of goods levied upon, belonged to John F. Davidson, in that proportion he paid the consideration, and became *pro tanto* the owner of the property; and, as his property, it became subject to execution.

Upon the hypothesis embraced in the said instruction, John F. Davidson was the owner of the notes. The instruction was pertinent to the evidence.

Whether or not negotiable paper may be endorsed so as to pass the title thereto, without passing from the actual possession of the indorser, is a question we need not decide.

Because of the errors named, the judgment must be reversed.

Judgment reversed, with costs.

Filed June 20, 1890.