## GORHAM *v.* GORHAM ET AL.

[No. 7,899.   Filed November 5, 1913.]

1. TRIAL.—*Special Findings.—Failure to Find Essential Fact.*— The failure to find an essential fact is equivalent to a finding of such fact against the party in whose favor the judgment was rendered.   p. 412.

2. FRAUD.—*Fraudulent Intent. — Statutes. —* The provisions of §7483 Burns 1908, §4924 R. S. 1881, that the question of fraudulent intent shall be deemed a question of fact, applies to all actions involving a question of fraudulent intent, where the rights of the parties depend upon any provision of the statute of frauds, but is not applicable where the rights of the parties do not depend upon such statute.   p. 412.

3. FRAUD.—*Fraudulent Intent.—Special Findings.—Sufficiency.*— In an action to set aside the allowance of a claim against an estate in favor of the administrator, a special finding of facts showing that the judgment allowing such claim was procured by fraud was not insufficient because it was not stated as an ultimate fact that such allowance was procured by fraud, or that the administrator acted with a fraudulent intent or purpose. p. 412.

4. FRAUD.—*Constructive Fraud.—Breach of Duty Arising From Confidential or Fiduciary Relation.*—Any breach of duty arising from a confidential or fiduciary relation whereby the party at fault, without any actual or fraudulent intent, gains an advantage at the expense of anyone to whom he owes such duty, amounts to a constructive fraud.   p. 414.

5. EXECUTORS AND ADMINISTRATORS.—*Duties of Administrator.— Fraud.—Procuring Allowance of Claim.*—The administrator of an estate occupies a position of the highest trust and confidence,

and owes to the heirs and *bona fide* creditors the duty to pre-
serve the estate for their benefit, and to the court the duty of
administering the trust with the utmost good faith, so that
where an administrator procured the allowance of his claim
against the estate without contest by buying the interest of the
only heirs within the jurisdiction of the court and of which the
court had any knowledge; and then moving the court for judg-
ment as by agreement, when in fact there were other heirs who
were not in court and had no notice of such claim, his conduct
constituted a legal fraud, regardless of the question of fraud-
ulent intent. p. 414.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by William Gorham and others against Thornton
F. Gorham. From a judgment for plaintiffs, the defendant
appeals. *Affirmed.*

*Enloe & Pattison* and *Brill & Harvey,* for appellant.

*George A. Huron, Thomas J. Cofer* and *Zimri E. Dougan,*
for appellees.

LAIRY, C. J.—Appellant was appointed as administrator
of the estate of his mother, Maria Davis, and while acting
as such administrator, procured the allowance of a claim
for the sum of $5,750 in his favor and against the estate
which he represented. This action was brought by appellees,
three of the heirs of Maria Davis, to set aside the judgment
allowing such claim. The appellees prevailed in the lower
court and the judgment allowing the claim in appellant's
favor was set aside and vacated. Upon proper request the
court made a special finding of facts and pronounced its
conclusions of law thereon. The errors assigned are, that
the court erred in its conclusions of law upon the facts
specially found, and that the court erred in overruling ap-
pellant's motion for a new trial.

The special finding of the court is as follows. "First:
On the eighth day of January, 1906, Maria Davis died
intestate in Hendricks County and State of Indiana leaving
an estate consisting of realty and personalty and also leaving
the following named heirs, to wit: William Gorham, a

son, Priscilla Ann Kerr, a daughter, Thornton F. Gorham, a son, Charles M. Gorham, and Elbert E. Gorham, grandchildren, sons of John A. Gorham, deceased, and Fred S. Gorham and Mary E. Ayres, grandchildren, being children of Daniel S. Gorham, deceased. On the thirtieth day of January, 1906, the defendant, Thornton F. Gorham the son and heir above mentioned of said Maria Davis, deceased, was duly appointed and qualified as administrator of the estate of said Maria Davis and ever since has been and now is acting as such administrator. Second: On the twenty-second day of September, 1906, said Thornton F. Gorham filed his claim against said estate in the sum of $8,187.50 and asked to have the same allowed and said claim was duly transferred to the court docket for trial and disposition by the court. On the 7th day of January, 1907, Fred S. Gorham and Mary E. Ayres, by Thad S. Adams their attorney filed a petition for the appointment of some one to defend said claim and the court appointed said Thad S. Adams to defend the same. Third: Said claim was placed on the trial calendar of said court for trial on the eleventh day of April, 1907. On the eighth day of April, 1907, said Thad S. Adams filed an answer in general denial to said claim as the representative of said estate and also a set-off in favor of said estate. On the eleventh day of April the parties to said action, to wit: said Thad S. Adams on behalf of said estate, and said Thornton F. Gorham in person and by attorney were present with their witnesses ready for the trial of said cause, and while waiting for said trial to be called said Thornton F. Gorham purchased from said Fred S. Gorham and Mary E. Ayres their interests in said estate. After the purchase of said interests said Adams notified the attorneys for said Thornton F. Gorham that he had no further interest in said cause and said attorneys in open court and in the presence of said Adams informed the court that their client had purchased the interests of said Fred S. Gorham and Mary E. Ayres in said estate and that said

Adams made no further defense to said claim and upon the motion of said attorneys for said Thornton F. Gorham the judgment sought to be set aside in this action was rendered as by agreement, in favor of said Thornton F. Gorham for the amount of $5,750. Fourth: At the time of the rendition of said judgment the court had no knowledge of the existence of any of the heirs to said estate other than the said Thornton F. Gorham, Fred S. Gorham and Mary E. Ayres, and the court understood and believed that said parties were the only heirs to said estate and that said judgment had been agreed to by all parties interested in said estate. No information on that subject had been given to the court by either party other than that disclosed by the record. The court believing that all the interested parties had agreed to said judgment made no investigation as to the merits of said claim. Fifth: The plaintiffs in this action are heirs of said Maria Davis, being the same persons mentioned above in this finding and at the time of the filing of said claim and of the allowance of the same and at all times between said two dates they were nonresidents of the State of Indiana and were not in the State of Indiana during said period and had no knowledge of the filing, pendency, or allowance of the same. And as soon as they had knowledge of the allowance of said claim they began this action to vacate the same. The plaintiffs have a meritorious defense to said claim.''

Appellant asserts that the trial court should have granted his motion for a new trial on the ground that the decision of the court is not sustained by sufficient evidence. His contention is that the facts stated in the fourth finding are wholly unsupported by any evidence to be found in the record. We do not find it necessary to determine the question thus presented, for the reason that we have reached the conclusion that the fourth finding may be entirely excluded from our consideration, and still the facts stated elsewhere in the finding are sufficient to sustain the conclusions of law.

Nowhere in the special finding does the court state as an ultimate fact that the allowance of the claim was procured by fraud, or that in obtaining the allowance of such claim appellant acted with a fraudulent intent or purpose. It is insisted by appellant that, in view of our statute on the subject, there can be no actionable fraud under the law of this State without a fraudulent intent; and that fraudulent intent is, in all cases, a question of fact for the court or jury trying the issues of fact. Taking these propositions as a basis he further asserts that no state of facts found by a court, which does not include the ultimate fact of "fraudulent intent" can be sufficient to justify a court in concluding as a matter of law that a fraud has been perpetrated. If appellant is correct in his contention, the finding in this case must be held insufficient to sustain the conclusions of law stated, as a failure to find such fact would be equivalent to a finding against appellees on that issue.

Section 21 of our statute of Frauds and Perjuries reads as follows: "The question of fraudulent intent, in all cases arising under the provisions of this act, shall be deemed a question of fact  *  *  *." §7483 Burns 1908, §4924 R. S. 1881. This section applies to all actions involving a question of fraudulent intent, where the rights of the parties depend upon any of the provisions of the act of which the section forms a part. It has been held by the Supreme Court of this State that this section does not apply where the rights of the parties do not depend upon the statute of frauds. *Cottrell* v. *Koon* (1898), 151 Ind. 182, 51 N. E. 235. From the opinion in the case just cited we quote the following language which seems to be decisive of the question now before the court. "It is further urged for the appellant that the findings were insufficient in failing to find as a fact the existence of fraud in the procurement of the judgment. This insistence is made upon the authorities which hold that, in actions for fraud upon creditors, the existence of fraud must be found

and stated in the special finding as a substantive fact.    Such authorities are numerous, but in this State they have their support from a provision of the statute of frauds   *   *   *. It is enough to say that the rights of the appellees do not depend upon the statute of frauds.    The appellant insists, however, that this rule has been held to apply to cases not falling under the statute, and several decisions are cited. Every one of such decisions involves a question of fraud upon creditors.    In some of the cases are expressions to the effect that in this State there is no such thing as constructive fraud, and in others that fraud, actual or constructive, is a question of fact.    These cases involved questions under the statute, and such expressions were doubtless applicable.    When such expressions were employed, they were supported by decisions under the statute, and appeared, therefore, to have been intended to apply to like cases.    As to the recognition in this State of constructive frauds, that is, cases where actual fraud was not intended, but, from the conduct of the parties, some rule of public policy has been violated or some advantage has been gained by reason of some special confidential or fiduciary relation, the cases are numerous.    Where, in a pleading or special finding, fraud must be made to appear, except there be some statute or special rule to the contrary, the facts constituting the fraud must be stated, and mere epithets are not required, nor are they available.    *Stroup* v. *Stroup* [1894], 140 Ind. 179, [39 N. E. 864], 27 L. R. A. 523; *Cicero Tp.* v. *Picken* [1889], 122 Ind. 260, [23 N. E. 763]; *Jackson* v. *Myers* [1889], 120 Ind. 504, [22 N. E. 90, 23 N. E. 86]; *Brown* v. *Cody* [1888], 115 Ind. 484, [18 N. E. 9]; *Conant* v. *National State Bank* [1889], 121 Ind. 323, [22 N. E. 250]; 9 Ency. Pl. and Pr. 686 and notes. The reason of this rule is in the conclusion that, the facts being stated, the law applies to determine if they are sufficient, and the legal standard is not to be defeated by the statement of an epithet or the pleader's conclusion.    It would seem a contradiction of terms to say that constructive

fraud must be found as a fact, when in relation to certain well recognized transactions, it is fraud *ipso jure.''* The statement, contained in the case of *Cicero Tp.* v. *Picken, supra,* to the effect that in this State there is no such thing as constructive fraud, has been limited by the later cases so as to apply only to cases which arise under or depend upon the statute of frauds.

Under the authority of the case from which we have quoted, the presence or the absence of a fraudulent intent on the part of the administrator is not material. Any breach of a duty arising from a confidential or fiduciary relation whereby the party at fault, without any actual fraudulent intent gains an advantage at the expense of anyone to whom he owes such duty, amounts to a constructive fraud. If the facts found by the court show that the conduct of appellant as administrator, in procuring the allowance of his claim, was such as to violate a well-settled rule of public policy, or that he made use of the position of trust and confidence which he occupied for the purpose of securing to himself a private advantage, such facts constitute a legal fraud. Appellant was acting as administrator of his mother's estate at the time he filed his claim and procured its allowance in the manner and by the means described in the special finding. The administrator of an estate occupies a position of the highest trust and confidence. He owes to the heirs and *bona fide* creditors the duty to preserve the estate for their benefit, and he owes to the court, whose officer he is, the duty of administering his trust with the utmost good faith. It is his duty to guard and protect the estate which he represents against those who may seek to diminish it by presenting fraudulent, illegal, or unfounded claims for allowance; and, above all, the duties of his trust forbid him from doing any act or entering into any arrangement whereby he will gain a personal advantage at the expense of the estate. The special finding in this case shows that there is a meritorious defense to the claim

which appellant procured to be allowed in his favor. It further shows that the judgment allowing the claim was entered on the motion of appellant's attorneys as by agreement, when in truth and in fact no valid agreement for its allowance had been made. If any agreement to that effect was made, the estate was not represented and was not a party to such agreement. The administrator is the person authorized by law to represent an estate, but he cannot do so when his interests are adverse. The attorney appointed by the court to represent the estate in resistance of the claim of the administrator did not agree to the allowance; but, after the settlement with the two resident heirs whom he had formerly represented, notified the attorneys for appellant that he had no further interest in the matter. He did not seem to realize that it was his duty under the appointment to protect the estate, rather than represent any particular heir or heirs to the exclusion of other persons interested. The two resident heirs had no power to represent the estate and to bind it by an agreement made without the knowledge and consent of the other heirs. Besides, the special finding shows that, at the time the claim was allowed, these heirs had parted with their interest in the estate by a sale to the administrator. The administrator knew these facts and knew at the time his claim was allowed that the estate was not represented in court. This court is clearly of the opinion that the conduct of appellant as administrator, as disclosed by the special finding, was such as to constitute a fraud in law regardless of the question of fraudulent intent. The trial court did not err in its conclusions of law.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 16. See, also, under (1) 38 Cyc. 1984, 1985; (3) 38 Cyc. 1980; (4) 20 Cyc. 8; (5) 18 Cyc. 446, 447. As to care and skill required of executors and administrators, see 12 Am. St. 311.