BARBARA ANN SMITH ET AL. *v.* WILLIAM F. CARR, PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRIETT ISABELL SCHUETZ, DECEASED.

[No. 971A173. Filed April 12, 1972.]

*Jerry P. Baugh, Baugh and Baugh,* of Evansville, for appellants.

*John G. Bunner,* of Evansville, for appellee.

ROBERTSON, P.J.—This is an appeal by the objectors, Barbara Smith, et al., (Smith), from a judgment of the Probate Court's allowance of the claim of Katherine Carr, allowances of attorneys fees, and allowances of the personal representative fees.

On April 16, 1969, William F. Carr (Carr), a nephew of the decedent, petitioned for appointment as personal representative of the estate of Harriett Isabell Schuetz. On the same day he qualified and was appointed as such. The amended inventory of the estate revealed decedent's assets, all of which were government bonds, amounted to slightly over $15,000.

On the 18th of October, 1969, Katherine Carr, the wife of the personal representative, filed a claim for the sum of $5,666.40, based upon the care and services rendered to Mrs. Schuetz prior to her death. Part of the claim was based upon the care of Mrs. Schuetz while she resided in Danville, Illinois, and asked for the sum of 75 cents an hour, or $18 per day for the period August 1, 1968 through November 16, 1968, the total being $1,944. The remainder of the claim represents care at the rate of $1.10 per hour, or $26.40 per day, when Mrs. Schuetz resided with the Carrs in Evansville until her death the 9th of April, 1969. Carr disallowed his wife's claim. A hearing was held on the 8th of July, 1970, and after testimony by Carr's wife the court allowed her claim in the sum requested. No notice was given to Smith or the other heirs of the hearing on the claim.

In November, 1970, Carr filed his final report which included, *inter alia,* his wife's claim, $1,255.43 for attorneys fees, and $627.71 for the personal representative fees. Smith filed objections to the report, and following a hearing on the 28th of December, 1970, the court overruled the objections and approved the distribution. Smith timely filed motion to correct errors which was also overruled with this appeal resulting.

The two issues presented for our determination in this appeal are:

1. Did the court err, as a matter of law, in approving the personal representative's final account with respect to the payment of the claim filed by his wife against the estate?

2. Was there sufficient evidence upon which the court could approve the payment of the attorney's and personal representative fees?

Smith contends that because of the close relationship between the personal representative and the claimant (husband and wife) the following statute should have been complied with in proving the claim, namely:

"CLAIMS OF PERSONAL REPRESENTATIVE— COSTS.— (a) Whenever a claim in favor of a personal representative against the estate he represents which accrued before the death of such decedent shall be filed against said state [estate], with the affidavit of the claimant attached, such shall not be acted upon by any personal representative, but the same shall be immediately transferred for trial as if the same had been disallowed, and the judge of said court shall represent said estate, and shall cause notice of the filing and pendency of said claim to be given to all interested persons, by ordinary mail where their names and addresses are known and where their names and addresses are unknown by one [1] publication of such notice in some newspaper printed and circulated in the county where said court is held, the day of publication and the day of the posting of notice by ordinary mail to be at least thirty [30] days prior to the date set for hearing, and after the expiration of said period, shall examine into the nature of said claim, and if the same be by said court deemed just and right, said court shall allow said claim and order the same paid out of said estate as other claims of the same class, and said court may, in its discretion, examine under oath such personal representative, or any other person, touching said claim, and if such court shall be of the opinion that the interests of said estate will be promoted by active opposition to such claim, it shall be the duty of such court to appoint a practicing attorney of said court to represent said estate, and the same pleadings, issues and trial may be had as in other claims, and said court shall allow to such attorney, to be paid out of said

estate, such fees for his services as may be deemed by said court just and right, and no attorney shall be allowed compensation for representing the estate of a decedent in defense of such a claim except when appointed in pursuance of this act." IC 1971, 29-1-14-17; Ind. Ann. Stat. § 7-817 (Burns 1953).

The reasoning behind Smith's contention that the above quoted statute should have been complied with, is that Carr benefited, at the minimum, indirectly from the payment of his wife's claim, which consists of forbidden fruit for one in a fiduciary relationship. When consideration is given to the fact that this claim amounted to one-third of the total assets of the estate; that the personal representative was a blood relative of the decedent; that the decedent lived in the household of the personal representative for the last period of her life; that the husband-wife relationship existed between the personal representative and claimant; that the funds of the personal representative were used in providing, in part, the services for which his wife claimed payment; that the wife deposited the claim in a joint checking account from which the personal representative could draw funds; that the claim was typed, if not prepared, in the office of the attorney of the estate; and that there had been prior "difficulty" in an Illinois estate involving the same decedent and heirs, presents a situation in which the provisions of IC 1971, 29-1-14-17, Ind. Ann. Stat. § 7-817 (Burns 1953) should come into play to insure the arms length dealing contemplated by that statute.

Failure to give notice in this instance deprived the parties with an interest in the estate their day in court with the concomitant loss of such basic guarantees as cross-examination, representation by counsel, confrontation of witnesses, presentation of defenses and adherence to evidentiary rules.

The applicable rule of law is:

"The administrator of an estate occupies a position of the highest trust and confidence. He owes to the heirs and bona fide creditors the duty to preserve the estate for their benefit, and he owes to the court, whose officer he is, the duty of administering his trust with the utmost good faith. It is his duty to guard and protect the estate which he represents against those who may seek to diminish it by presenting fraudulent, illegal, or unfounded claims for allowance; and above all, the duties of his trust forbid him from doing any act or entering into any arrangements whereby he will gain a personal advantage at the expense of the estate." *Gorham* v. *Gorham* (1913), 54 Ind. App. 408, 414, 103 N. E. 16, 18.

The factor which must be considered with the quote from the *Gorham* case, *supra*, is that the lack of notice under the circumstances as represented by this case could be construed as having a tendency to deceive, which, regardless of intent, amounts to constructive fraud. See *Keilman, Tr.* v. *City of Hammond* (1953), 124 Ind. App. 392, 114 N. E. 2d 813; *Budd* v. *Bd. of Co. Comrs. of St. Joseph Co.* (1939), 216 Ind. 35, 22 N. E. 2d 973; and *Gish* v. *St. Joseph Loan, etc., Co.* (1916), 66 Ind. App. 500, 113 N. E. 394

For the reasons specified, we are of the opinion that the transaction here involved is so intertwined and intermingled between the claimant, the personal representative and the decedent's estate that an adversary hearing as contemplated by IC 1971, 29-1-14-17, Ind. Ann. Stat. § 7-817 (Burns 1953) would best serve justice and the interests of all parties to this litigation.

The court agrees with the counsel for the parties[1] that the questions involving the award of attorneys fees are moot because of the additional work involved in this appeal, and now the subsequent hearing which is required, therefore, the order of the court setting said fees is now set aside, to be redetermined at the conclusion of this estate.

---

1. As they so indicated at oral argument.

This cause is now reversed and remanded for further proceedings consistent with the opinion.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 280 N. E. 2d 844.