**In re ESTATE of Emil FEUSNER.**

**No. 3–179A16.**

Court of Appeals of Indiana,
Third District.

Oct. 16, 1980.

Jeanne S. Miller, New Haven, for appellant.

Theodore L. Sendak, Atty. Gen., Wallace T. Gray, Deputy Atty. Gen., Indianapolis, for appellee.

GARRARD, Presiding Judge.

Emil Feusner died testate on December 6, 1977. His will named Vern J. Schmitt as personal representative and named his two sisters, Gertrude Schmitt, the wife of the personal representative, and Laura Busche as the sole residuary beneficiaries. On April 19, 1978, within five (5) months after notice to creditors was published, the personal representative and his wife filed a joint claim for personal services rendered to the decedent. The claim would not have impinged upon the specific bequest made in Feusner's will, and its filing was accompanied by the written consent of both residuary beneficiaries to its allowance. The personal representative allowed and paid the claim and subsequently deducted its amount in his petitions for the determination of inheritance taxes. The court entered an order determining inheritance taxes in accord with the petition, and within ninety (90) days the Inheritance Tax Division petitioned for redetermination alleging the payment was not a "lawful claim" within the meaning of the taxing statute, IC 6–4.1–3–13(b). That section provides,

> "(b) The following items, and no others, may be deducted from the value of property interests transferred by a resident decedent under his will or under the laws of intestate succession:
>
> (1) The decedent's debts which are lawful claims against his resident estate; ...."

The court granted the petition and ordered the estate to file "amended inheritance tax" in accord with its findings. The estate appeals.

At the time of Emil Feusner's death, the filing of the claim and its allowance by the personal representative, the pertinent claim statute provided,

> "(a) Whenever a claim in favor of a personal representative against the estate he represents which accrued before the death of such decedent shall be filed against said state [estate], with the affidavit of the claimant attached, such claim shall not be acted upon by any personal representative, but the same shall be immediately transferred for trial as if the same had been disallowed, and the judge of said court shall represent said estate, and shall cause notice of the filing and

pendency of said claim to be given to all interested persons, by ordinary mail where their names and addresses are known and where their names and addresses are unknown by one [1] publication of such notice in some newspaper printed and circulated in the county where said court is held, the day of publication and the day of the posting of notice by ordinary mail to be at least thirty [30] days prior to the date set for hearing, and after the expiration of said period, shall examine into the nature of said claim, and if the same be by said court deemed just and right, said court shall allow said claim and order the same paid out of said estate as other claims of the same class, and said court may, in its discretion, examine under oath such personal representative, or any other person, touching said claim, and if such court shall be of the opinion that the interests of said estate will be promoted by active opposition to such claim, it shall be the duty of such court to appoint a practicing attorney of said court to represent said estate, and the same pleadings, issues and trial may be had as in other claims, and such court shall allow to such attorney, to be paid out of said estate, such fees for his services as may be deemed by said court just and right, and no attorney shall be allowed compensation for representing the estate of a decedent in defense of such a claim except when appointed in pursuance of this act."

IC 29–1–14–17.[1]

Thus, at the time in question the statute in clear and unmistakable terms prohibited a personal representative from allowing his own claim; directed that the claim be transferred to the trial docket; and required the judge to act for the benefit and interest of the estate.

"Lawful" may be defined as warranted or authorized by law, have the qualification prescribed by law, not contrary to or forbidden by law. *Black's Law Dictionary* (4th

Ed.). A claim as the term is used in the probate code refers to a debt or demand of a pecuniary nature which would have been enforced against the decedent in his lifetime and could have been reduced to a simple money judgment. *Williams v. Williams* (1940), 217 Ind. 581, 29 N.E.2d 557; *Vonderahe v. Ortman* (1958), 128 Ind.App. 381, 146 N.E.2d 822, *reh. den.* 128 Ind.App. 381, 147 N.E.2d 924.

■ Accordingly, since the prescribed requirements to establish Schmitt's claim as a lawful claim were not followed, the court correctly set aside the prior inheritance tax order. However, it does not follow that the estate is thereby precluded from establishing the deductibility of the claim for inheritance tax purposes. The claim was timely filed and is capable of being allowed if meritorious. The remedy, in such instances, is to remand for compliance with the proper statutory procedure. *Smith v. Carr* (1972), 151 Ind.App. 595, 280 N.E.2d 844. Moreover, since the claim was timely scheduled as a deduction for inheritance tax purposes, it is allowable in the event, or to the extent, it is finally approved by the court.

In an effort to avoid the time and expense involved in these procedures, the estate advances two additional arguments to which we will respond.

■ First, it is contended that at the hearing held on the petition to redetermine the tax, the state had the opportunity to establish that the claim was a result of fraud, collusion, or was contrary to law. It is then urged that its rights were not prejudiced and that since it elected only to attack the manner in which the claim was allowed, the interests of justice do not require a further hearing. We are forced to disagree. On the basis of non–compliance with the statutory prerequisite, the state correctly urged that the claim was not a lawful claim and properly had its deductibility set aside. That was all that was necessary for the

---

1. The 1978 legislature amended the statute, effective July 1, 1978, to permit the personal representative to allow such a claim where "all heirs and legatees who would be affected by the allowance of the claim consent in writing to it." The impact of this amendment is discussed *infra*.

state to meet its burden at that time. It was the issue to be decided, and having been decided in favor of the state, the merits of the claim are now subject to the appropriate judicial determination.

Secondly, the estate argues that the 1978 amendment to IC 29–1–14–17 should be applied retrospectively to approve the claim on the ground that it does not confer new rights or take away existing rights but merely changes a mode of procedure. Again we must disagree.

The commission comments to the code section as it existed at the time the personal representative filed and allowed the claim disclose its purpose was to protect *the court* against fraud or collusion, and in effect serve as some assurance to the citizens of this state that any claims filed by the personal representatives of their estates would be examined by the court. While we have found no decisions considering the question, we have no doubt that a personal representative could not, under the section, have avoided its mandate simply by presenting the consents of the heirs affected and indeed the appellant before us has not so argued.

Moreover, and although we desire to make clear that we imply no motives to the Schmitts herein, collusion may exist as to character an asset will take for purposes such as taxation, as well as to the amount of a claim.

In its 1978 amendment the legislature saw fit to alter the requirements concerning claims by personal representatives. In so doing it balanced the variety of competing concerns and changed the law. We find, however, that the amendment should not be given retrospective effect.

Accordingly, we affirm in part, reverse in part and remand for such further proceedings as may be necessary in accord with the views expressed herein.

STATON and HOFFMAN, JJ., concur.