Katherine COOPER, Plaintiff-Appellant,

v.

LA PORTE BANK AND TRUST
COMPANY, Defendant-Appellee.

No. 3–679A177.

Court of Appeals of Indiana,
Third District.

Feb. 4, 1981.

John J. Davie, La Porte, for plaintiff-appellant.

John E. Newby and Edward L. Volk, Newby, Lewis, Kaminski & Jones, LaPorte, for defendant-appellee.

GARRARD, Judge.

Lloyd Billy Propes had a savings account with the appellee bank in his sole name. At a time when he knew he was terminally ill with cancer he had his sister, appellant Katherine Cooper, authorized to make withdrawals from the account by executing the following which was stamped upon an account card:

"This is the signature of

who has authority to draw from my account in the LaPorte Bank and Trust Company by signing the required voucher.

"

Mrs. Cooper signed on the first line and Propes on the second. At the same time he

had his mother, Jessie Watkins, made a joint owner of the account. There was evidence that the authorization to Cooper was to enable her to pay bills, etc. for Propes and that the bank used the form of stamp in question for such authorizations.

When Propes died the bank was appointed guardian of the estate of Mrs. Watkins and transferred the balance of the account into a guardianship account for her benefit.

Mrs. Cooper sued contending that she was entitled to half the account. Trial was to the court and resulted in judgment that Cooper was not a beneficial owner of the. account and that she take nothing by her complaint. We affirm.

 Appellant's brief is hardly in compliance with Indiana Rules of Procedure, Appellate Rule 8.3(A)(7). As such it fails to overcome the presumption that the trial court correctly decided the issues before it, and we would be justified in affirming for that reason. *Kuykendall v. Co. Commr's.* (1968), 142 Ind.App. 363, 234 N.E.2d 860, 861.

We will, however, briefly consider the issues Cooper appears to raise.

Her brief suggests an inadequacy in the findings made by the court. However, the case was not one in which findings were otherwise required, and the parties did not request them in writing prior to the commencement of trial. Accordingly, there was no need for special findings and the judgment is reviewable on a general finding as to any facts not found. TR 52; *Indianapolis P. & L. Co. v. Barnard* (1978), Ind.App., 371 N.E.2d 408.

Cooper suffered a negative judgment so an assignment that the decision is not sustained by the evidence technically presents nothing for review. More importantly, while there was evidence from which the court might have found the parties intended to create a joint account, there was also evidence sustaining its determination that the authorization in question created only a power of attorney. We cannot hold the decision contrary to law unless the evidence is undisputed and leads only to a conclusion contrary to that reached by the trial court.

Finally, Cooper argues that the statutes applicable to joint bank accounts, IC 32–4–1.5–1 et seq., required the court to grant her an interest in the funds. The statute in question deals with the disposition of joint bank accounts. It is inapplicable in the present case because the gist of the court's finding was that the execution of the agreement concerning Cooper did not create a joint account, but merely a power of attorney.[1]

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.

---

1. Subsequent to this action the legislature amended the statute to clarify the distinction by providing that "a person who is merely authorized to make a request as the agent of another" is not within the statutory definition of a "party." IC 32–4–1.5–1(7) adopted in 1979.