Maedean RUBSAM, Appellant (Plaintiff Below),

v.

The ESTATE OF Viva PRESSLER, Appellee (Defendant Below).

No. 30A04–8809–CV–319.

Court of Appeals of Indiana, Fourth District.

April 27, 1989.

---

George J. Lewis, Lineback & Lewis, Professional Corp., Greenfield, for appellant.

Raymond S. Robak, Wolf, Robak & Murphy, William H. Wolf, Wolf, Robak & Murphy, Greenfield, for appellee.

CHEZEM, Judge.

### Case Summary

Plaintiff–Appellant Rubsam appeals a judgment in favor of the estate on a claim against the estate for the sum of the funds remaining in an account in which both the decedent and the appellant were signatories. We reverse.

### Issues

I. Whether the judgment of the trial court was contrary to law as being not supported by sufficient evidence.

II. Whether the estate was the appropriate party to bring an action against for recovery of funds which had been held in a joint account with the decedent.

III. Whether the Hancock Bank & Trust, the holder of the funds in dispute, was an indispensable party to the action.

### Facts

Rubsam and the decedent, Viva Pressler, were close friends for many years. The decedent purchased four Certificates of Deposit which were owned jointly with right of survivorship with Rubsam and a savings account, also owned jointly with right of survivorship. The decedent also made Rubsam an income beneficiary (now the sole income beneficiary) of a trust funded by the residuary of the decedent's estate.

On 2/25/83 Rubsam and the decedent went to the Hancock Bank & Trust. According to Rubsam, the decedent did not feel like going into the bank, so Rubsam went in alone. Rubsam instructed the bank officer responsible for opening and closing accounts, to close the decedent's savings account and to open a new checking account. Then Rubsam took the signature card out to the car where it was signed by the decedent (there was conflicting evidence as to whether any bank employees accompanied Rubsam to the car). The new account bore the name of the decedent, but named both the decedent and Rubsam as the signatories to the account. Thus, both the decedent and Rubsam were permitted to make deposits and make unlimited withdrawals. The decedent made deposits into the account over the next five years. Rubsam made no deposits. Neither made any withdrawals.

There were two boxes on the signature card. One indicated that the account was to be joint with right of survivorship and

the other indicated that no survivorship was intended. Neither box was marked.

The decedent died on November 6, 1987. The Certificates of Deposit and the joint account were promptly, and without objection transferred to Rubsam. The executor and the bank trust officer informed Rubsam that the checking account at issue in this case would not be transferred to her and that the account would be transferred into the decedent's estate and, subsequently, into the trust established by the decedent.

On January 13, 1988, Rubsam filed a claim against the estate for the funds in the checking account. On June 27, 1988, the executor disallowed the claim. The disallowed claim was set for trial in the Hancock Circuit Court. A trial was conducted and the court found for the estate and against Rubsam. Rubsam appeals.

Discussion and Decision

I

The Indiana statute governing joint bank accounts defines an account as "joint" whether or not there is mention of a right of survivorship. I.C. 32–4–1.5–1(4). The statute also defines a "party" to an account as a person who has a present right, subject to request, to payment from a multiple-party account. I.C. 32–4–1.5–1(6). However, a party does not include a person who is merely authorized to make a request as an agent of the other. *Id.* The statute requires that sums remaining on deposit at the death of a party to the account belong to the survivor as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created. I.C. 32–4–1.5–4(a).

Rubsam argues that she was a "party" to the account and therefore the burden fell upon the decedent's estate to prove by clear and convincing evidence that survivorship was not intended. The estate of the decedent argues that Rubsam was not a party to the account, but rather was an agent of the decedent authorized to establish the account and make deposits and

withdrawals, for the convenience of the decedent.

The record is completely devoid of evidence supporting a theory that Rubsam was an agent of the decedent in maintaining the account. There were no writings by the decedent which declared to anyone that Rubsam was her agent, nor did the decedent ever discuss the account with any bank officials. Rubsam was not designated as an authorized agent on the signature card.

■ The estate argues that Rubsam had apparent authority to act for the decedent in opening the account. However the testimony of the bank official opening the account indicates her belief that Rubsam was an agent with authority stems from the conduct of Rubsam. It is well established that one may not rely on the words and the conduct of the agent to invoke the doctrine of apparent authority. The principal must, by his conduct, convey to a third party that the agent had authority to act on behalf of the principal. *Storm v. Marsischke* (1973), 159 Ind.App. 136, 304 N.E.2d 840. Here, the officer admitted that she did not speak to the decedent, nor did the decedent do anything that would indicate to a third party that Rubsam was acting as her agent. Therefore, the estate may not rely upon the doctrine of apparent authority to establish that Rubsam was agent of the decedent rather than a party to the account.

■ In support of his argument the executor argues that if Rubsam was not acting as an agent, then the necessary conclusion is that Rubsam was perpetrating a fraud. Such an argument is absolutely without merit. Rather, the evidence leads to the necessary conclusion that Rubsam acted as agent[1] for the sole purpose of closing the savings account and opening the checking account, and not as an agent in maintaining the account or making authorized withdrawals. Such a limited agency would not prevent her from being a "party" to the account.

---

1. Since the decedent made deposits into the account for five years she thus ratified the act of Rubsam even if there had been no authority to open the account.

In *Cooper v. La Porte Bank & Trust Co.* (1981), Ind.App., 415 N.E.2d 778, this court affirmed the trial court which held that the survivor to the account was acting as an "agent" of the decedent and was not a "party" to the account. Therefore, the survivor was not entitled to the proceeds of the account since the facts dictated that a survivorship was not intended. In that case, the decedent had maintained an account in his own name. However, the decedent discovered that he was terminally ill with cancer, so he authorized his sister to make withdrawals from the account. The sister had signed a card which bore the following stamp:

"This is the signature of

_____

who has authority to draw from my account in the LaPorte Bank & Trust Company by signing the required voucher.

_____."

In *Cooper*, there was ample evidence of an agency relationship. There is no such evidence here. One who asserts that there was an agency relationship has the burden of proving its existence. *Laird v. Davidson* (1890), 124 Ind. 412, 25 N.E. 7.

The estate argues that this is an appeal from a negative judgment and, thus, Rubsam must prove that the evidence was without conflict and subject to only one conclusion, one opposite to the conclusion of the trial court. *Pepinsky v. Monroe County Council* (1984), Ind., 461 N.E.2d 128. However, this is not an appeal from a negative judgment. A party appeals from a negative judgment when he had the burden of proof at trial and the trial court entered a judgment against him. *Leckrone v. Lawler* (1954), 125 Ind.App. 35, 118 N.E.2d 381, *Litzelswope v. Mitchell* (1983), Ind.App., 451 N.E.2d 366.

The estate had the burden of proving that an agency relationship existed or that the account was not intended to be a survivorship account. Rubsam was only required to prove that she had an interest in the multi-party account—by proving either that: 1) she has a present interest in the funds immediately prior to the decedent's death, such as a present right to withdraw

in a joint account; or 2) she had some other contingent interest in the funds from the account which became vested at the decedent's death, such as a payee on death [P.O.D. account, *See* I.C. 32–4–1.5–1(10) ] or a beneficiary of a trust account [*See* I.C. 32–4–1.5–1(14) ]—and that there were sums remaining in the account at the decedent's death. Rubsam proved that she had a present right to withdraw funds from the account and that there were sums remaining in the account at the decedent's death; both are admitted by the estate.

The burden then fell upon the estate to prove that Rubsam was an agent, not a party, or that a survivorship was not intended. Since the estate bore the burden of proof at trial and prevailed, Rubsam is appealing an adverse judgment, but not a negative judgment. Therefore, when a party seeks to reverse an adverse judgment on the grounds that the evidence is insufficient to support the judgment, we will not reweigh the evidence. Rather, we will look to the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. If there was substantial evidence of probative value, the judgment of the trial court will not be overturned. *Cole Real Estate Corp. v. Peoples Bank & Trust* (1974), 160 Ind.App. 88, 310 N.E.2d 275. Where, as here, there are no findings of fact and conclusions of law, the general judgment is presumed to be based on findings which are supported by the evidence and we will affirm the decision of the trial court if it can be sustained on any legal theory. *Potts v. Offutt* (1985), Ind.App., 481 N.E.2d 429.

While there was some evidence from which the trial court could have found some limited agency relationship in the creation of the account, there was no evidence that Rubsam's unlimited right of withdrawal was merely for the convenience of the decedent, or as her agent. Evidence of a limited agency relationship does not reasonably support an inference of a broader agency relationship in maintaining the account when there was no evidence that Rubsam made any deposits or withdrawals for the decedent. Thus, there was not

sufficient evidence from which the trial court could find that Rubsam was an agent, and not a party to the account.

■ The estate of the decedent attempts to rebut the presumption that the account was not intended to be a survivorship account with the evidence that the name of the account was "Viva Pressler" and not "Viva Pressler & Maedean Rubsam" as was the case in the other accounts which were admittedly jointly held by the decedent and Rubsam. The name of the account has no legal significance. It may be indicative of the ownership, but the name does not create a conclusive presumption of ownership. Rubsam could have named the account "Mickey Mouse;" such a name would not make Disney's character the owner of the account. Ownership is more properly evidenced by a "present right to withdraw" or other contractual agreements, such as a partnership agreement, which may or may not be revealed by the signature card.

The statute controlling in joint accounts determines that during the lifetime of the parties (individuals and not business partners) the ownership of the account is determined by the contribution of the parties. I.C. 32–4–1.5–3. However, such an ownership may be subjected to a present right to withdraw any and all of the proceeds by the other party to the account, unless restrictions are placed upon either parties to the account.

## II

The estate argues that in order to file a claim against the estate, Rubsam would have had to be the owner of a debt or demand of a pecuniary nature which could have been enforced against the decedent during her lifetime and could have been reduced to a simple money judgment. *In re Estate of Feusner* (1980), Ind.App., 411 N.E.2d 166, 168; *Rising Sun State Bank v. Fessler* (1980), Ind.App., 400 N.E.2d 1164, 1166; *Vonderahe v. Ortman* (1958), 128 Ind.App. 381, 146 N.E.2d 822.

Rubsam counters that our state supreme court has declared that joint accounts are third party beneficiary contracts which are properly brought against the estate. *In re Estate of Fanning* (1975), 263 Ind. 414, 333 N.E.2d 80. However in that case the "account" was a certificate of deposit. The third party beneficiary did not have a present right to withdraw from the account. In fact, the third party beneficiary did not even know that the account existed until after the decedent's death. Also, the action was brought by the estate against the third party beneficiary and, thus, was not a claim against the estate. *Id.*

■ Such is not the case here. Rubsam was not a third party beneficiary to the account contract with the bank; she was a party. Rubsam was a signatory to the account. By her signature, she obligated herself, jointly and severally with the decedent, to pay any amounts chargeable to the account by the bank for which there were insufficient funds in the account. Such an obligation was sufficient consideration to make her a party to the account agreement with the bank *and* with the decedent. The decedent's implied obligation, on behalf of her estate, in the account agreement was to make any sums left in the account at her death payable to Rubsam, or to not make a claim to the funds. Likewise, if Rubsam had predeceased the decedent then Rubsam's estate would have been obligated in the same fashion.

The decedent's obligation could not be breached until after her death. Therefore, it would have been impossible for Rubsam to have had a demand of a pecuniary nature which was enforceable during the life of the decedent. However, the obligation was created by a contract which was entered into before the decedent's death. In *Vonderahe v. Ortman,* this court affirmed the trial court's denial of a claim against the estate which "arose subsequent to the decedent's death and was not the outgrowth of any contract or arrangement with the decedent in his lifetime." 128 Ind.App. at 387, 146 N.E.2d at 825. Here, the account in question was the outgrowth of a contract made during the decedent's lifetime and therefore a claim was properly made against the estate; this was particu-

larly so since the breach could only occur after death.

## III

■ Finally, the estate argues that even if Rubsam were entitled to the funds: 1) the estate was the wrong party to sue, since the bank is the holder of the funds, or 2) the bank was an indispensable party. While this matter would be procedurally more convenient if the bank were a party—either by their own intervention by interpleader or by joinder of the parties, they are not an indispensable party.

Indiana Rules of Trial Procedure Rule 19(A) reads as follows:

(A) **Persons to Be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if:

(1) in his absence complete relief cannot be accorded among those already parties; or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

(a) impair or impede his ability to protect that interest, or

(b) leave any persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.

Here, while the bank is the holder of the funds in question, this is essentially an action for breach of contract seeking damages (equivalent to balance of funds in the checking account at Hancock Bank & Trust) and not recovery of the particular checking account at the bank. Rubsam could have elected to seek an action against the bank for breach of contract for its failure to deliver the funds to her as the survivor to the account as per the account contract or she could have joined the bank to her present suit against the estate; she did not elect to do so. Rather, she elected to bring suit against the decedent's estate for a breach of the joint account agreement.

Although the subject matter of the breach is still in the possession of the bank, a judgment against the estate need not be satisfied from the proceeds of the account. The judgment is a formal order allowing a claim which may be satisfied by any of the assets of the estate to be paid out by the executor in the due course of administration of the estate. 13 I.L.E., Executors and Administrators, § 161, p. 463. Mr. Bartnik, an officer of the bank, testified that the bank would transfer the funds to the estate at any time upon the request of the executor. Additionally, the executor included the account in the inventory of estate assets. Thus, as a practical matter, the funds are an asset of the estate and are payable by the executor in the due course of administration.

The estate does not argue that the bank claims an interest in the funds. We note that the bank is the trustee of the trust which is the residual devisee of the decedent's Last Will and Testament, and that the bank would have possessed legal title to the funds if the estate had prevailed. However, the estate does not raise that issue on appeal and thus the issue is waived. Indiana Rules of Appellate Procedure Rule 8.3(A)(7). Likewise the estate does not argue that either of the *existing* parties would be subject to double or multiple liabilities, nor that they would be subject to inconsistent obligations if the bank were not made a party; thus, the issue is waived. *Id.* The bank may be subject to multiple liability as Judge Staton correctly notes in his concurring opinion. However, the multiple liability portion of Rule 19 only applies to those already parties and not the party sought to be joined. Indiana Rules of Trial Procedure, Rule 19(A)(2)(b). Therefore the bank was not an indispensable party.

For all of the above reasons the judgment of the trial court is reversed and remanded to enter judgment in favor of Rubsam.

MILLER, J., concurs.

STATON, J., concurs in result with separate opinion.

STATON, Judge, concurring in result opinion.

I concur in result because I would have held that the Bank is an indispensable party. The Bank is a party to the instrument giving rise to Rubsam's claim against the estate. The Bank's liability is not limited to the estate. What appears on the surface to be "practical" may later change into another lawsuit, e.g., an insolvent estate. Upon the other issues presented, I would fully concur.